**STATE**

v.

**Edward VASHEY.**

No. 2001–60–C.A.

Supreme Court of Rhode Island.

June 9, 2003.

---

Virginia M. McGinn/Aaron Weisman, Providence, for Plaintiff.

Edward Vashey (pro se), for Defendant.

Present: WILLIAMS, C.J., FLANDERS, GOLDBERG, and FLAHERTY, JJ.

## OPINION

PER CURIAM.

The defendant, Edward Vashey (Vashey), appeals *pro se* from an adjudication in the Superior Court that he had violated the terms and conditions of his probation, thereby causing that court to execute a previously imposed suspended sentence.[1] The case came before the Court for oral argument on May 13, 2003, pursuant to an order that had directed the parties to appear in order to show cause why the issues raised on this appeal should not summarily be decided. After considering the arguments of counsel and the *pro se* defendant, and the memoranda filed by the parties, we are of the opinion that cause has not been shown, and shall proceed to decide the case at this time.

On February 8, 2000, a criminal complaint and District Court warrant were filed against Vashey, alleging that he had committed first-degree child molestation in

---

1. In 1994, Vashey was sentenced to a twelve-year term of imprisonment for felony assault, one year and eight months to serve, ten years and four months suspended with probation.

violation of G.L.1956 §§ 11–37–8.1 and 11–37–8.2. The victim of the alleged crime was Vashey's seven-year old daughter. On February 11, 2000, Vashey was arrested on the underlying charge and held without bail by the District Court. The matter was transferred to the Superior Court where Vashey was confronted with the state's probation violation report under Rule 32(f) of the Superior Court Rules of Criminal Procedure.

Thereafter, defense counsel requested and was granted numerous continuances. The matter eventually was reached for hearing on July 18, 2000. After a four-day hearing, the hearing justice determined that Vashey had violated his probation. He then vacated Vashey's previously suspended sentence and sentenced him to serve ten years and four months of imprisonment. Five years and four months of that sentence were suspended with probation. Vashey timely appealed, raising numerous issues on appeal.

Vashey contends that his constitutional right to due process was violated because he did not receive a probable cause hearing and because some of his discovery requests were denied. He also contends that his hearing was unjustly delayed because the three Superior Court justices before whom he variously appeared were not neutral and detached and because the prosecutors had abused their authority. Next, he maintains that the hearing justice misconceived the evidence and that the record did not support the finding of a violation. He further maintains that the

hearing justice illegally extended his sentence in violation of G.L.1956 § 12–19–9. Finally, Vashey avers that his lawyer provided him ineffective assistance of counsel.[2]

On February 21, 2000, ten days after Vashey was arrested, a hearing was scheduled to determine whether he had violated his probation. At that hearing, defense counsel made a motion for discovery and a motion for a continuance to obtain the requested information. Thereafter, the matter was continued numerous times, each time at the request of defense counsel. The matter was reached for hearing on July 18, 2000. Before the hearing began, Vashey made a motion to dismiss, claiming that the state wrongfully withheld alleged exculpatory evidence and that this deprived him of his due process rights. The state maintained that because it was a probation violation proceeding, he was not entitled to such discovery. The hearing justice denied the motion to dismiss. Vashey contends that the failure to order full discovery and the failure to grant him a preliminary hearing to establish probable cause violated his constitutional rights to due process and equal protection. He asserts that the failure to provide discovery unreasonably delayed the hearing and that two hearings are mandated by *Gagnon v. Scarpelli*, 411 U.S. 778, 782, 93 S.Ct. 1756, 1760, 36 L.Ed.2d 656, 662 (1973).

 "A probation-violation hearing (also referred to as probation-revocation hearing) is not part of the criminal-prosecution process; therefore, it does not call

**2.** The state maintains that Vashey is collaterally estopped from challenging the probation violation determination because, while this appeal was pending, he entered into an *Alford* plea agreement with the state on a new charge of sexually assaulting his daughter. *See North Carolina v. Alford*, 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970). In return for his *Alford* plea, the state agreed to amend

the initial charge of first-degree child sexual molestation to a lesser charge of second-degree child sexual molestation. He was sentenced to serve a fifteen-year suspended term of imprisonment, with probation. However, because we affirm the hearing justice's decision, we need not address that appellate contention.

for the 'full panoply of rights' normally guaranteed to defendants in criminal proceedings." *Hampton v. State*, 786 A.2d 375, 379 (R.I.2001) (quoting *State v. Znosko*, 755 A.2d 832, 834 (R.I.2000)). "The minimum due process requirements of a violation hearing call for notice of the hearing, notice of the claimed violation, the opportunity to be heard and present evidence in defendant's behalf, and the right to confront and cross-examine the witnesses against defendant." *State v. Casiano*, 667 A.2d 1233, 1239 (R.I.1995) (quoting *State v. Bourdeau*, 448 A.2d 1247, 1249 (R.I.1982)). "[T]he hearing justice's only responsibility is to determine, according to the Rule 32(f) requirements, whether he or she is reasonably satisfied that the defendant has violated one or more of the terms of his or her probation." *Hampton*, 786 A.2d at 379.

The record reveals that Vashey received the state's Rule 32(f) probation violation report. Attached to the report was a copy of the criminal complaint, affidavits from three police officers recounting the circumstances that prompted the first-degree child sexual molestation charge, and a copy of Vashey's criminal history. In addition, Vashey's attorney later received a copy of a taped interview of the victim and DCYF records. The record also reveals that a four-day hearing was conducted, during which Vashey was given the opportunity to present evidence and to confront and cross-examine witnesses. We are satisfied from this record that Vashey received the minimum due process requirements for a probation violation hearing.

■ With respect to Vashey's contention that *Scarpelli* mandates the court to conduct a preliminary hearing to determine probable cause, we reiterate that "nothing in *Scarpelli* purports to interdict a combined revocation and sentencing hearing at which the alleged violator re-

ceives the full panoply of due process rights mandated by *Morrissey v. Brewer*, 408 U.S. 471, 488–89, 92 S.Ct. 2593, 2604, 33 L.Ed.2d 484, 498–99 (1972)." *State v. DeLomba*, 117 R.I. 673, 678, 370 A.2d 1273, 1276 (1977). *See also State v. Rice*, 727 A.2d 1229, 1232 n. 4 (R.I.1999). That is because:

> "no constitutional purpose would be served by bifurcating our present unitary judicial violation hearing, at which an alleged violator is afforded due process rights equal or superior to those required in a *Scarpelli* final hearing. Neither the federal nor our own state constitution requires empty ceremonies." *DeLomba*, 117 R.I. at 678, 370 A.2d at 1276.

■ The record reveals that, in accordance with § 12–19–9, a full hearing was scheduled for February 21, 2000, just ten days after Vashey's arrest. The state's witnesses were present and ready to testify. Although the final determination was not actually made that day, the responsibility for any delay lies with Vashey because it was he who repeatedly continued the matter in an attempt to procure discovery to which he was not entitled. *See State v. Grundy*, 582 A.2d 1166, 1169 (R.I. 1990). For this reason, his contention that his hearing was unjustly delayed also must fail.

■ Satisfied that the prehearing procedures were proper, we now turn our attention to the hearing itself. After all of the evidence had been presented, the hearing justice was satisfied that Vashey had violated his probation. Vashey contends that the hearing justice misconstrued the evidence and that, in reality, the evidence did not support a finding of a probation violation. We disagree.

■ "The sole purpose of a probation revocation hearing is to determine whether

a condition of the probation has been breached." *State v. Waite*, 813 A.2d 982, 985 (R.I.2003) (per curiam) (quoting *Znosko*, 755 A.2d at 834). "Keeping the peace and remaining on good behavior are conditions of probation." *Id.* "Consequently, the reasonably satisfied standard should not be applied to the narrow question of defendant's guilt with regard to the new charges but rather, the standard should be applied to whether defendant maintained the conditions of his probation." *Id.*

■■■ "Assessing the credibility of a witness in a probation violation hearing is a function of the hearing justice, not this Court." *Id.*

"When a probation-violation inquiry turns on a determination of credibility, * * * and the hearing justice, after considering all the evidence, accepts one version of events for plausible reasons stated and rationally rejects another version, we can safely conclude that the hearing justice did not act unreasonably or arbitrarily in finding that a probation violation has occurred." *Id.* (quoting *State v. Rioux*, 708 A.2d 895, 898 (R.I. 1998)).

In his decision, the hearing justice acknowledged that while most of the testimony concentrated on the abusive relationship between Vashey and the victim's mother, the testimony that he found the most relevant and compelling was that of the victim, Vashey's seven-year old daughter. He expressly found her testimony to be credible. He rejected Vashey's assertion that she "had been coached or prompted" into bringing the allegation of sexual abuse, and specifically found such assertion "was belied by the fact that she literally had to be coaxed, if you will, into saying what transpired on that overnight visit." That was because she "was obviously embarrassed and found it extremely difficult to say what happened to her[.]"

The hearing justice found that the victim's credibility was buttressed by an earlier handwritten note by the victim, as well as by Vashey's sister, who testified about a subsequent "violent reaction" that the victim had "when confronted with the possibility of being alone with her father." Having found the victim's testimony to be credible, the hearing justice was "reasonably satisfied that the defendant failed to keep the peace and be of good behavior." We conclude that the record supports the hearing justice's determination and that his findings were not arbitrary and capricious.

■■ Vashey next contends that the hearing justice illegally extended his sentence in violation of § 12–19–9. He maintains that his original 1994 sentence was scheduled to end in 2006, and that the hearing justice exceeded his authority by imposing an additional probationary period that extended his sentence to 2010. He asserts that because the trial justice "chose to revoke [his] 'previously imposed sentence' not to continue it * * * he had no right or authority to make ant [*sic*] enhancements to the sentence * * *."

■■■ The record reveals that Vashey has not filed a motion to reduce sentence under Rule 35 of the Superior Court Rules of Criminal Procedure.

"It is well settled that, in the absence of 'extraordinary circumstances,' this Court will not consider the validity or the legality of a sentence on direct appeal. * * * Rather, we have repeatedly held that the proper procedure for a review of a sentence begins in the Superior Court under Rule 35 of the Superior Court Rules of Criminal Procedure. * * * In the event that a defendant continues to be aggrieved by the ruling of the Superior Court, this Court then will review the decision on appeal."

*State v. Bettencourt,* 723 A.2d 1101, 1114 (R.I.1999) (quoting *State v. Collins,* 679 A.2d 862, 867 (R.I.1996)).

Vashey has not raised an extraordinary circumstance that would allow us to consider the legality of his sentence on direct appeal. Thus, "because the issue raised does not amount to an extraordinary circumstance, the absence of a determination made pursuant to a Rule 35 motion precludes this Court's consideration of [Vashey's] challenge to his sentence." *Id.* "The statutory 120–day period in which to seek Superior Court review of the sentence commences on the date of this opinion should [Vashey] choose to file such a motion; therefore, [Vashey's] appeal on this issue is denied and dismissed without prejudice." *Id.*

Finally, Vashey avers that his lawyer provided him ineffective assistance of counsel. However, we need not address that issue because "[t]he proper avenue by which a defendant must proceed when * * * making a claim of ineffective assistance of counsel is an application for postconviction relief, pursuant to G.L.1956 chapter 9.1 of title 10." *State v. Desir,* 766 A.2d 374, 375 (R.I.2001) (per curiam). "Our refusal to consider claims of ineffective counsel on direct appeal is nothing more than an application of the long-recognized and fundamental principle that only specific rulings of a trial justice are reviewable on direct appeal." *State v. D'Alo,* 477 A.2d 89, 90 (R.I.1984). Thus, to assert this claim properly, Vashey must file an application for postconviction relief in the Superior Court.

For the foregoing reasons, the defendant's appeal is denied and dismissed. The judgment of the Superior Court is affirmed. The papers of the case may be returned to the Superior Court. Vashey's appeal challenging the legality of his sentence is denied without prejudice.