STATE

v.

Aries CRUDUP.

No. 2002–458–C.A.

Supreme Court of Rhode Island.

Feb. 4, 2004.

Marcy E. Coleman, Esq., for Plaintiff.

Paula Lynch, Esq., for Defendant.

Present: WILLIAMS, C.J., FLANDERS, GOLDBERG, FLAHERTY and SUTTELL, JJ.

## OPINION

PER CURIAM.

The defendant, Aries Crudup (defendant), appeals from a Superior Court judgment finding that he violated the terms and conditions of his probation. This case came before the Supreme Court for oral argument on December 1, 2003, pursuant to an order directing the parties to appear and show cause why the issues raised in this appeal should not summarily be decided. After hearing the arguments of counsel and examining the memoranda filed by the parties, we are of the opinion that cause has not been shown and proceed to decide the appeal at this time. For the reasons indicated herein, we affirm the judgment of the Superior Court.

## I

### Facts and Travel

In the early morning hours of September 30, 2001, several Providence police officers responded to a call reporting a man possessing a gun at 136 Dodge Street in Providence. When Officer Scott McGregor (Officer McGregor) arrived, he heard a gunshot and observed defendant running behind the building, through a field, toward Cranston Street. As Officer McGregor pursued defendant on foot, Officer Amy Bibeault (Officer Bibeault) was driving toward Cranston Street, listening to the officers involved in the incident describe what was happening over the radio. Based on what she heard, Officer Bibeault recognized defendant as the perpetrator when he jumped a fence onto Cranston Street. Noting that defendant possessed a gun, Officer Bibeault drew her gun and told defendant to drop his weapon. The defendant refused and attempted to flee. Officer Bibeault continued to order defendant to drop his weapon, which he eventually did, and she tackled him. As the two struggled on the ground, defendant tried to reach for his gun. Officer McGregor quickly approached the pair and assisted with the arrest and seizure of defendant's gun.

The defendant was injured as a result of the struggle and was taken by ambulance to Rhode Island Hospital for treatment. Officer Michael Comerford (Officer Comerford), who accompanied defendant to the

hospital, searched him while he was handcuffed and lying on a gurney. That search revealed a plastic bag containing seventeen smaller bags of white powder in defendant's pocket. Believing he had discovered crack cocaine, Officer Comerford asked defendant: "You do this stuff?" to which defendant replied "No, man, I don't do that stuff, I just sell it." [1]

At the time of the incident, defendant was on probation and serving a suspended sentence for an earlier conviction of delivery of a controlled substance. For that conviction, defendant had been sentenced to eight years at the Adult Correctional Institutions (ACI)—four months to serve, with the remaining seven years and eight months suspended, with probation. Accordingly, defendant was presented as a probation violator.

Although the original complaint charging defendant as a probation violator alleged five separate counts,[2] the state relied only on the facts surrounding defendant's resistance to the arrest and his possession of a firearm without a license to prove that he violated his probation. Several police officers testified at the hearing about what occurred in the early morning of September 30, 2001. Officer Bibeault testified that when she came upon defendant, she observed him trying to "rack the top of the gun." Describing what she meant by "racking," Officer Bibeault testified that defendant was attempting to pull the top part of the gun back toward him with one hand while holding the gun in his other hand. When asked about the significance of that action, defendant objected and the

trial justice took judicial notice that when "you do that to a semiautomatic pistol, you are preparing the gun to fire, you're essentially cocking the weapon." The state also presented Det. Paul Renzi (Det.Renzi) of the Bureau of Criminal Identification to testify about the condition of the gun seized from defendant. Relying on a test conducted on the gun by another officer, Det. Renzi testified that defendant's gun was operable when it was seized.

After reviewing the evidence, the hearing justice found that defendant possessed an operable firearm on September, 30, 2001. He concluded that defendant attempted to use the firearm against the arresting officers. Therefore, the hearing justice found, defendant violated the terms of his probation, which required him to keep the peace and remain on good behavior. The hearing justice then ordered defendant to serve the entire suspended sentence of seven years, eight months for his previous conviction.

The defendant timely appealed. He argues (1) that the hearing justice had insufficient evidence to conclude that defendant possessed an operable firearm; (2) that he erred in taking judicial notice that defendant was preparing the gun to be fired based on Officer Bibeault's testimony that he was "racking" it; and (3) that defendant's right to due process had been violated because he was not notified of the grounds for his violation pursuant to Rule 32(f) of the Superior Court Rules of Criminal Procedure.

---

1. Although Officer Comerford testified at the hearing that the bags contained crack cocaine, it later was revealed that the substance had not actually been tested.

2. The original complaint against defendant included the following offenses: possession with intent to deliver cocaine in violation of G.L.1956 § 21-28-4.01, possession of a controlled substance while in possession of a firearm in violation of G.L.1956 § 11-47-3, possession of a firearm without a license in violation of § 11-47-8, resisting arrest in violation of G.L.1956 § 12-7-10, and unlawful possession of a stolen firearm in violation of G.L.1956 § 11-41-2.

## II

### Discussion

 The only issue at a revocation hearing is whether a defendant has breached a condition of his probation by failing to keep the peace or remain on good behavior. *State v. Waite*, 813 A.2d 982, 985 (R.I.2003) (citing *State v. Znosko*, 755 A.2d 832, 834 (R.I.2000)). A hearing justice need find only reasonably satisfactory evidence proving that a violation occurred, not proof beyond a reasonable doubt. *Id.* It is well established that in reviewing a decision made at a probation violation hearing, this Court is concerned only with "whether the hearing justice acted arbitrarily or capriciously in finding a violation." *Id.* at 984 (quoting *State v. Pagan*, 793 A.2d 1046, 1046–47 (R.I.2002) (mem.)).

### A

### Operability of the Gun

 Relying on Rule 602 of the Rhode Island Rules of Evidence, defendant would have us hold the evidence about the operability of the gun inadmissible because Det. Renzi lacked personal knowledge about the firing tests performed. This Court has held that strict adherence to the Rules of Evidence is not necessary at a revocation hearing. *State v. Rioux*, 708 A.2d 895, 898 (R.I.1998). Detective Renzi based his testimony on an official test fire report generated when the gun was tested on April 12, 2002. At the hearing, defense counsel objected to the admission of Det. Renzi's testimony. After listening to admissibility arguments from both parties, the hearing justice determined that Det. Renzi "should be able to testify [based on] an official Providence Police Department record relative to the routine test firing of the weapon." We affirm the hearing justice's ruling on this issue.

This Court decided a similar issue more than twenty-five years ago. In *State v. Welch*, 114 R.I. 187, 192, 330 A.2d 400, 402 (1975), we held that rules of hearsay do not prohibit a police officer from testifying about the contents of the state's toxicology report, even though that officer had not done the tests or written the report, because the rules of evidence do not apply at revocation hearings. Even though that determination was based on a hearsay argument, the same idea applies to this lack of personal knowledge assertion because the tests and report are similarly routine and, therefore, reliable. Accordingly, we hold the finding that defendant possessed an operable firearm while on probation was neither arbitrary nor capricious.

 Moreover, we note the hearing justice could have relied on defendant's violation of federal law to find that he violated the terms of his probation regardless of the operability of the gun. The hearing justice took judicial notice that 18 U.S.C. § 922(g) makes it unlawful for any convicted felon "to ship or transport in interstate or foreign commerce, or possess in or affecting commerce, any firearm or ammunition * * *." Federal courts interpreting 18 U.S.C. § 922(g) have held that "[n]othing in either § 922(g)(1) or § 921(a)(3) requires the government to show that the unlawfully possessed firearm is operable." *United States v. Adams*, 137 F.3d 1298, 1300 (11th Cir.1998); *see also United States v. Shaw*, 260, F.Supp.2d 567, 569 (E.D.N.Y.2003). In addition, nothing has been found in the legislative history indicating "that the unlawfully possessed firearm must be operable for purposes of the statute." *Adams*, 137 F.3d at 1300. Hence, even without a finding that the firearm was operable, defendant violated a federal statute because, on September 30, 2001, he was a convicted felon possessing a firearm. Because the hearing justice did

not need to consider whether the weapon was operable, we conclude that defendant's argument fails, and uphold the Superior Court's finding of probation violation on these grounds.

## B

### Judicial Notice

 The defendant next contends that the hearing justice erred in taking judicial notice of the meaning of the term "rack" in the context of semiautomatic pistols. Rule 201(b) of the Rhode Island Rules of Evidence states "[a] judicially noticed fact must be one not subject to reasonable dispute in that it is * * * generally known within the territorial jurisdiction of the trial court." We conclude that the hearing justice made an unfortunate choice of words by taking "judicial notice" and that it would have been more appropriate if he simply had drawn an inference that defendant was getting ready to fire the weapon. The hearing justice did not, however, commit an error that would lead us to conclude that he was arbitrary or capricious in his finding defendant to be a violator of his probation. *See Waite,* 813 A.2d at 984.

## C

### Due Process

 Finally, defendant argues that the state infringed on his right to due process by failing to specify the basis of his violation of probation as required under Rule 32(f).[3] The defendant, however, failed to raise this argument at any time before or during the hearing. It is well

settled that "issues that present themselves at trial and that are not preserved by a specific objection at trial * * * may not be considered on appeal." *State v. Anderson,* 752 A.2d 946, 948 (R.I.2000) (quoting *State v. Morris,* 744 A.2d 850, 858–59 (R.I.2000)). "Consequently, allegations of error committed at trial are considered waived if they were not effectively raised at trial, despite their articulation at the appellate level." *Id.* (quoting *Morris,* 744 A.2d at 859). The defendant had ample opportunity to raise a due process objection either prior to the hearing or at some time during the hearing, but he did not. Therefore, defendant waived this argument on appeal.

 Notwithstanding defendant's failure to raise his due process objection below, his claim would not be successful on its merits. We have held that a revocation hearing "is not part of the criminal-prosecution process; therefore, it does not call for the 'full panoply of rights' normally guaranteed to defendants in criminal proceedings." *State v. Vashey,* 823 A.2d 1151, 1154–55 (R.I.2003) (quoting *Hampton v. State,* 786 A.2d 375, 379 (R.I.2001)). "The minimum due process requirements of a violation hearing call for notice of the hearing, notice of the claimed violation, the opportunity to be heard and present evidence on defendant's behalf, and the right to confront and cross-examine the witnesses against defendant." *Id.* at 1155 (quoting *State v. Casiano,* 667 A.2d 1233, 1239 (R.I.1995)).

---

3. Rule 32(f) of the Superior Court Rules of Criminal Procedure provides:

 "The court shall not revoke probation or revoke a suspension of sentence or impose a sentence previously deferred except after a hearing at which the defendant shall be afforded the opportunity to be present and apprised of the grounds on which such ac-

 tion is proposed. The defendant may be admitted to bail pending such hearing. Prior to the hearing the State shall furnish the defendant and the court with a written statement specifying the grounds upon which action is sought under this subdivision."

 Rule 32(f) addresses the "notice of the claimed violation" aspect of defendant's argument and requires that prior to a revocation hearing "the State shall furnish the defendant and the court with a written statement specifying the grounds upon which action is sought under this subdivision." The state provided defendant with a Rule 32(f) violation report (report) dated October 1, 2001. The police complaint charging defendant on the five counts listed above was attached to the report along with an incident report and witness statements detailing his arrest, and a report of prior criminal history.

The defendant now argues that because these other documents were attached to the report, and the five counts were not listed elsewhere, the notice was not specific enough. This argument is unpersuasive. The only information contained in the report related to defendant's arrest on September 30, 2001, and his previous criminal history. Furthermore, defendant's lawyer testified at the hearing that he had met with his client ten to twelve times before the hearing, and that he had reviewed with defendant every piece of paper provided to him.[4] Based on our review of the record, it is apparent that defendant was well aware of the charges against him and well prepared to cross-examine each of the witnesses called by the state. Therefore, the report and attached complaint satisfied the state's requirement to put defendant on notice of the claimed violation and we conclude that defendant's due process rights were not violated.

Because the hearing justice did not err in finding that defendant possessed an operable gun, nor did he err in finding that defendant was preparing his gun to be fired, and because defendant's right to due process was not violated, the hearing justice properly determined by reasonably satisfactory evidence that defendant violated the conditions of his probation. We affirm the judgment of the Superior Court.

## III

### Calculation of Time to Serve

The defendant has alerted this Court to a mathematical error made by the Superior Court with respect to his sentence. The hearing justice imposed "the entire seven years, eight months to serve." This translates into 92 months, not 103 months as was entered on the Judgment of Conviction and Commitment.

### Conclusion

For the reasons stated herein, we affirm the judgment of the Superior Court finding that the defendant violated the terms of his probation. The record shall be remanded to the Superior Court to change the judgment of conviction with instructions to reflect a suspended sentence of ninety-two months and that the defendant is ordered to serve the full ninety-two months.

---

4. On the second day of the hearing defendant was angry that his lawyer had not been to see him in the two weeks between the first day of the hearing and the second, so he tried to dismiss his lawyer. To demonstrate his diligence, defense counsel testified about the amount of work he had done on the case.