**STATE**

v.

**Harold SUMMEROUR.**

No. 2003–621–C.A.

Supreme Court of Rhode Island.

June 16, 2004.

Virginia M. McGinn, Esq., for Plaintiff.

Dena I. Paolino, Esq., for Defendant.

Present: WILLIAMS, C.J., and FLANDERS, GOLDBERG, and SUTTELL, JJ.

PER CURIAM.

## OPINION

The defendant, Harold Summerour (defendant), appeals from a Superior Court judgment finding that he violated the terms and conditions of his probation. This case came before the Supreme Court for oral argument on May 6, 2004, pursuant to an order directing the parties to appear and show cause why the issues raised in this appeal should not summarily be decided. After hearing the arguments of counsel and examining the memoranda filed by the parties, we are of the opinion that cause has not been shown and proceed to decide the appeal at this time. For the reasons indicated herein, we affirm the judgment of the Superior Court.

## I
### Facts and Travel

After finishing work on July 30, 2001, Boysie Beech (Beech or victim) returned to his home on Public Street in Providence, Rhode Island, to work on his son's car. As Beech was lying under the car, he felt it shake and, fearing for his safety, scrambled out from under the motor vehicle to find Jerry, his neighbor from downstairs, sitting on the car. Beech asked Jerry to move and, as Jerry jumped off, the car fell off the jack. Right about this time two men approached Beech and Jerry. Beech later identified one of the men as defendant.

Beech testified at the probation-revocation hearing that Jerry and the two strangers were about to do drugs in the driveway. After telling Jerry that he should know better, Beech walked up to the house for assistance in raising the car back up on the jack. According to Beech, he stopped to pick up his son's bike along the way and then, as he got to the front door, defendant approached and stabbed him in the stomach. Beech was unable to get the door closed because he was holding the bike, and defendant stabbed him several more times. Beech testified that defendant told him not to call the cops or he would kill Beech and his family. The defendant then walked away and Beech sat on the porch until help arrived.

The police officer who first responded to the scene also testified at the probation-revocation hearing. Officer Timothy Pickering (Officer Pickering) testified that he arrived shortly after the incident and found Beech in front of the house, near the curb. The defendant had not strayed far from the scene and, as soon as Officer Pickering arrived, Beech identified defendant as the man who had stabbed him and pointed to where defendant was standing, in front of a store across the street from

Beech's home. Officer Pickering immediately crossed the street toward defendant. Upon seeing the officer approach, defendant attempted to flee around the corner, but another officer quickly apprehended him. Thereafter, Officer Pickering returned to Beech's home where he observed a trail of blood leading up the stairs to Beech's second-floor apartment.

The defendant admitted to being on Public Street when the victim was stabbed but said he was an innocent bystander. At the probation-revocation hearing, defendant testified that he was walking to a pharmacy to pick up some medication but stopped at the store across the street from Beech's home to buy cigarettes and talk to a couple of women he knew. While the three were conversing in front of the store, defendant noticed a commotion across the street at Beech's house. The defendant testified that he did not know Beech, but he recognized Jerry, his friend from many years ago, standing in the driveway with some other men. The defendant stood and watched the events unfold until he saw the police coming toward him. The defendant testified that, because he had a criminal record, he tried to get away but was apprehended by a police officer as soon as he turned the corner off Public Street.

Beech was taken to a nearby hospital, where he received several stitches. He was released the next day. The police arrested defendant and charged him with assault with a dangerous weapon. At the time of the attack, defendant was on probation for a number of convictions, including felonies. In addition, defendant has been sentenced to a six-year suspended sentence for possession of a controlled substance. After hearing testimony from Beech, Officer Pickering, and defendant, the hearing justice determined that defendant had violated the terms of his probation, which required him to keep the peace and remain on good behavior. Accordingly, defendant was sentenced as a probation violator under Rule 32(f) of the Superior Court Rules of Criminal Procedure and was ordered to serve six years at the Adult Correctional Institutions (ACI) pursuant to his suspended sentence.

The defendant timely appealed. He argues that the hearing justice abused his discretion in sentencing him as a probation violator because the testimony and real evidence did not support such a decision. Specifically, defendant asserts the hearing justice erred by failing to consider Beech's criminal record, and challenges the hearing justice's finding that Beech was a credible witness notwithstanding the discrepancies between Beech's testimony and Officer Pickering's testimony. The defendant further argues that the hearing justice improperly considered an assault charge against defendant that had been dismissed when assessing defendant's own credibility.

## II

### Discussion

 "The only issue at a revocation hearing is whether a defendant has breached a condition of his probation by failing to keep the peace or remain on good behavior." *State v. Crudup*, 842 A.2d 1069, 1072 (R.I.2004) (per curiam). The hearing justice must determine whether there is reasonably satisfactory evidence to prove that a violation occurred, not whether there is proof beyond a reasonable doubt. *Id.* On appeal, this Court considers only " 'whether the hearing justice acted arbitrarily or capriciously in finding a violation.' " *Id.* It is well established that "[a]ssessing the credibility of a witness in a probation violation hearing is a function of the hearing justice, not this Court." *State v. Waite*, 813 A.2d 982, 985 (R.I.2003) (per curiam).

" 'When a probation-violation inquiry turns on a determination of credibility, * * * and the hearing justice, after considering all the evidence, accepts one version of events for plausible reasons stated and rationally rejects another version, we can safely conclude that the hearing justice did not act unreasonably or arbitrarily in finding that a probation violation has occurred.' " *Id.*

Because the hearing justice could and did accept Beech's and Officer Pickering's version of the events, and his reasons for rejecting defendant's version of the events were clearly rational, the hearing justice acted neither arbitrarily nor capriciously. Therefore, we affirm his ruling.

■ In assessing Beech's testimony the hearing justice stated:

"[t]his court had an opportunity to view Mr. Beech and his testimony. The court finds him to be credible. He was clear and forthright in his testimony that it was in fact [defendant], who he had never met before, who stabbed him at Public Street * * * on July 30 at approximately 4:30. He has no reason to lie. He has no type of ax to grind, as far as [defendant] is concerned. He described him, his dress. He had purple pants on and some kind of pink or red shirt on. [The defendant] left the scene and went across the street towards the market, and * * * Mr. Beech pointed out [defendant] to the police as soon as the police arrived, which was immediately after the stabbing * * *."

On appeal, defendant makes the specious argument that the hearing justice erred by failing to consider Beech's criminal record because the prosecutor "withheld" it during discovery. Because the issue of whether the prosecutor intentionally withheld pertinent information was not raised before the hearing justice, defendant waived that argument and we need not address it now. *See Brown v. State,* 841 A.2d 1116, 1122 (R.I.2004).

■ Even if the argument were properly before this Court, we are satisfied that defendant's rights were not violated. At oral arguments, defendant was asked what rule required that, during discovery for a probation-revocation hearing, a prosecutor provide a victim's criminal record to defendant even if defendant fails to request the record, as apparently occurred in the case before us. The defendant responded that due process would require the prosecutor to make such a record available to defendant. However, a probation-revocation hearing is a civil matter and "is not part of the criminal-prosecution process; therefore, it does not call for the 'full panoply of rights' normally guaranteed to defendants in criminal proceedings." *Crudup,* 842 A.2d at 1073 (quoting *State v. Vashey,* 823 A.2d 1151, 1154–55 (R.I.2003)). "The minimum due process requirements of a violation hearing call for notice of the hearing, notice of the claimed violation, the opportunity to be heard and present evidence on defendant's behalf, and the right to confront and cross-examine the witnesses against defendant." *Id.* (quoting *Vashey,* 823 A.2d at 1155). None of these rights was violated in this case. Thus, even if defendant's due process argument were properly before us, it is unlikely that defendant would prevail.

Notwithstanding the hearing justice's findings of fact upon which he based his credibility assessments, defendant argues that the hearing justice failed to consider the discrepancies between Beech's testimony and Officer Pickering's testimony. Specifically, defendant points to Beech's statement that he waited on the porch after the attack and Officer Pickering's testimony that he found a trail of blood leading up to Beech's second-floor apartment, indicating that Beech had not re-

mained on the porch. After reviewing the transcripts, it appears that there may have been some confusion about the location of the stairs where Officer Pickering found blood. Officer Pickering testified that he observed a trail of blood leading from the porch, into the hallway just inside the front door and up the stairs to Beech's second-floor apartment. The hearing justice later said: "As to the issue of the blood going up to apparently Mr. Beech's apartment, that's consistent with Mr. Beech's testimony he was inside the house when he was stabbed. He was in the hallway. Obviously the blood came down the stairs when Mr. Beech came down the stairs to meet the police officer and identify [defendant]." Apparently the hearing justice was referring to the stairs outside the house, rather than the stairs inside leading to Beech's apartment. This misunderstanding, however, was not fatal because the hearing justice based his findings on several factors, not just the victim's own credibility. Therefore, we will not disturb the hearing justice's findings.

■ Finally, defendant argues on appeal that the hearing justice erred by allowing two references to be made to an assault charge that had been dismissed. After reviewing defendant's prebrief and the transcript from the probation-revocation hearing, the only clue we are given about the charge that supposedly was dismissed was that it resulted from an assault committed in 1991. As a preliminary matter, a review of defendant's criminal record reveals that he pled *nolo contendere* to an amended assault charge in 1991, and no other charges appear to have been brought that year. Therefore, defendant's argument on appeal that the assault charge had been dismissed and, therefore, should not have been referred to during the hearing is flawed. Even if defendant's contention that the charge was dismissed were cor-

rect, no objection was made during the cross-examination when the prosecutor asked defendant about the charge, so the objection was not properly preserved. *Crudup*, 842 A.2d at 1073. Notwithstanding, defendant answered the question about the assault charge and said first that he had admitted to the charge in 1991. Then, when asked to clarify, defendant answered that the charge had been dismissed. Finally, defendant told the prosecutor that he had never been charged with assault but that he had assaulted the alleged victim. It is clear that defendant himself was confused about the charge from 1991, and we are satisfied that defendant's answers during that cross-examination were far more harmful than any question posed by the prosecutor. Finally, there is no indication, as defendant alleges, that the hearing justice prejudiced defendant by considering a previously dismissed assault charge when assessing defendant's credibility. The hearing justice did not refer to any assault charges until after he had made his findings of fact, while he was reviewing defendant's record to determine what sentence to impose on the probation violator.

The hearing justice found reasonably satisfactory evidence that the defendant failed to keep the peace, thus he was correct in determining that the defendant violated the terms of his probation.

### Conclusion

For the reasons stated herein, we affirm the judgment of the Superior Court. The record shall be remanded to the Superior Court.

Justice FLAHERTY did not participate.