STATE

v.

Joshua MACIORSKI.

No. 2005–1–C.A.

Supreme Court of Rhode Island.

Dec. 2, 2005.

Aaron L. Weisman, Providence.

Marie T. Roebuck, Providence.

## ORDER

This case came before the Supreme Court on November 8, 2005, on appeal from a Superior Court adjudication that the defendant, Joshua Maciorski (defendant), violated his probation. The defendant argues that the Superior Court judgment should be vacated because the evidence presented was not sufficient to reasonably satisfy the hearing justice that the defendant violated the terms and conditions of his probation. For the reasons stated herein, we affirm the Superior Court judgment.

While on probation for previous convictions,[1] defendant was charged with felony assault, third-degree sexual assault, and two counts of procuring alcohol for a minor. A combination probation-violation and bail hearing was held in which two female complainants testified. The first complainant, age sixteen, testified that she met defendant and some male friends on September 9, 2004, and made plans to go drinking. During the evening, she consumed a large amount of alcohol and was "really drunk;" "couldn't walk that well;" and was "throwing up" when defendant made his predatory move. The defendant and the complainant took a walk and were alone when defendant got on top of her, took off her pants and underwear, and "had sex" with her. The complainant testified that defendant had placed his hands on her upper arms, which resulted in some bruises on her right arm, and that she did not attempt to get up while defendant was on top of her because she "was too drunk" to do anything to stop defendant.

The second complainant, age nineteen, testified that on September 23, 2004, she went to defendant's house, where she and a group of friends drank alcohol and smoked marijuana. The group left defendant's house and went to a field. The defendant and complainant were alone when they began kissing and then she "kind of pushed away and laid down" on her side. She testified that she was extremely intoxicated and that she passed out. Upon waking, her pants and underwear were down and defendant was starting to have sex with her. She testified that she said "no" once and attempted to push defendant off her, but failed because she was weak and inebriated.

The hearing justice was "reasonably satisfied that the defendant did violate the terms and conditions of the sentences previously imposed * * * by engaging in unconsensual sex by force with [the first complainant]." The hearing justice also found that the state met its burden of proof that defendant had provided alcohol to both complainants, who were both under the age of twenty-one. Based on these findings, defendant was adjudicated a probation violator with respect to the felony assault conviction and was sentenced to five years at the Adult Correc-

---

1. The defendant previously had pled *nolo contendere* to felony assault and received a five-year suspended sentence with probation. The defendant also pled *nolo contendere* to third- degree sexual assault and received a four-year sentence, one year to serve and three years suspended with probation.

tional Institutions, three years to serve and the remaining two years suspended. The defendant was also adjudicated a probation violator with respect to the third degree sexual assault offense. He was sentenced to four years at the Adult Correctional Institutions, three years to serve, one year suspended; both sentences were ordered to run concurrently with each other.

This Court's "review of a hearing justice's decision in a probation-violation proceeding is limited to considering whether the hearing justice acted arbitrarily or capriciously in finding a violation." *State v. Sylvia*, 871 A.2d 954, 957 (R.I.2005) (quoting *State v. Rioux*, 708 A.2d 895, 897 (R.I. 1998)). This Court will not consider the credibility of witnesses, rather this is the function of the hearing justice. *Id.* at 958.

The defendant argues that there was insufficient evidence to establish that he violated the terms and conditions of his probation and that the hearing justice acted arbitrarily and capriciously. In *State v. Summerour*, 850 A.2d 948 (R.I.2004), this Court held "[t]he only issue at a revocation hearing is whether a defendant has breached a condition of his probation by failing to keep the peace or remain on good behavior." *Id.* at 951 (quoting *State*

*v. Crudup*, 842 A.2d 1069, 1072 (R.I.2004)). At a probation-violation hearing, the prosecution need only establish a violation by reasonably satisfactory evidence. *Sylvia*, 871 A.2d at 957. Here, the prosecution has met its burden. The hearing justice considered the evidence presented and determined that the first complainant was a credible witness and that defendant admitted he provided alcohol to both complainants. Thus, the hearing justice hardly acted arbitrarily or capriciously in concluding that "defendant's conduct 'had been lacking in the required good behavior expected and required by his probationary status.'" *State v. Piette*, 833 A.2d 1233, 1236 (R.I. 2003) (quoting *State v. Gautier*, 774 A.2d 882, 887 (R.I.2001)). Clearly, there was more than sufficient evidence to establish that defendant violated the terms and conditions of his probation.

For the reasons stated herein, we affirm the judgment of the Superior Court.