DECISION
This matter is before the Court on Justin Pine's Petition for Issuance of Habeas Corpus and for Immediate Release on Bail, and the State's objection thereto. This case presents the first time this Court has considered the June 12, 2010 amendment to G.L. 1956 § 12-19-18. For the reasons that follow, this Court lacks jurisdiction to grant the relief requested in the present posture, and the Petition is denied and dismissed.
 I Facts and Travel
On March 26, 2009, Petitioner pled nolo contendere to one count of felony assault and one count of simple assault in case P2-2007-3177A. The trial judge sentenced Petitioner to eight years in prison, but suspended the execution of that sentence, placing Petitioner on probation for the eight years. Shortly thereafter, Petitioner appeared before the trial court as an alleged violator of his probationary terms and conditions. The conduct which the State argued constituted a violation of Petitioner's probation was a felony assault upon one Steven Gilbert, allegedly perpetrated by four (4) adult males on July 12, 2009, including Petitioner.
A probation-revocation hearing was conducted pursuant to Rule 32(f) of the Superior Court Rules of Criminal Procedure on August 18 and 21, 2009. On August 28, 2009, the trial *Page 2 
court found Petitioner violated his probation, and ordered that five years of the previously-imposed suspended sentence be removed and that Petitioner serve those five years at the Adult Correctional Institution (ACI).
Petitioner timely appealed the trial judge's violation finding to the Supreme Court. That appeal was docketed in the Supreme Court on November 19, 2009. Pre-briefs have been filed by the parties and the appeal from the violation finding remains pending (SU-09-342).
By written notice dated November 25, 2009, the Office of Attorney General notified the Sixth Division District Court that there was "[i]nsufficient evidence regarding `serious bodily injury'" to warrant felony prosecution of Petitioner. "No information" was entered in the criminal docket as being signed on December 1, 2009.
On June 12, 2010, the amendment to § 12-19-18 was enacted. The pertinent portion of that amendment is as follows:
 "(b) Whenever any person, after an evidentiary hearing, has been sentenced to imprisonment for violation of a suspended sentence or probationary period by reason of the alleged commission of a felony or misdemeanor said sentence of imprisonment shall, on a motion made to the court on behalf of the person so sentenced, be quashed, and imprisonment shall be terminated when any of the following occur on the charge which was specifically alleged to have constituted the violation:
 (1) After trial person is found `not guilty' or a motion for judgment of acquittal or to dismiss is made and granted pursuant to Superior or District Court Rules of Criminal Procedure;
 (2) After hearing evidence, a `no true bill' is returned to the grand jury;
 (3) After consideration by an assistant or special assistant designated by the attorney general, a `no information' based upon a lack of probable cause is returned;
 (4) A motion to dismiss is made and granted pursuant to the Rhode Island general laws Sec. 12-12-1.7 and/or Superior Court Rule of Criminal Procedure 9.1; or
 (5) The charge fails to proceed in District or Superior Court under circumstances where the state is indicating a lack of probable cause, or circumstances where the state or its agents believe there is doubt about the culpability of the accused. *Page 3 
 (c) This section shall apply to all individuals sentenced to imprisonment for violation of a suspended sentence or probationary period by reason of the alleged commission of a felony or misdemeanor and shall not alter the ability of the court to revoke a suspended sentence or probationary period for an allegation of conduct that does not rise to the level of criminal conduct." Section 12-19-18(b) — (c).
On June 24, 2010, Petitioner filed with the Supreme Court an Emergency Motion For a Remand to Superior Court and to Hold the Appeal in Abeyance based upon the amendment to § 12-19-18. On July 7, 2010, the duty justice declined to act on the emergency motion and instead scheduled the motion for consideration by the full Court at the Supreme Court's September 9, 2010 conference.
Unsatisfied with the Supreme Court's scheduled conference of September 9, 2010, on July 15, 2010, Petitioner's counsel filed with this Court a Petition for the Issuance of a Writ of Habeas Corpus and For Immediate Release on Bail. Petitioner states that "[b]ecause of the `No Information Signed' and the supporting reasons therein, Mr. Pine, who is not being held on any other charges, is entitled to immediate release from imprisonment pursuant to the new legislative enactment." Pet's Mem. at 2 (filed July 15, 2010); Pet's Mem. at 2-3 (filed July 23, 2010). Further, Petitioner maintains,inter alia, that he "has been unlawfully detained at the ACI since the amendment to § 12-19-18 became effective on June 12, 2010. Pet's Mem. at 3 (filed July 15, 2010); Pet's Mem. at 3 (filed July 23, 2010). The State filed an Objection thereto, arguing, inter alia, that the Supreme Court has jurisdiction over the appeal and that Petitioner is not entitled to relief under a habeas corpus petition. A hearing was conducted before this Court on July 16, 2010, and supplemental memoranda were thereafter filed by counsel. *Page 4 
 II Law and Analysis A Exclusive Jurisdiction of the Criminal Action in Which Petitioner Was Found to Be A Violator Lies With the Supreme Court
The Supreme Court has exclusive jurisdiction of the criminal case in which Petitioner was found to be a violator, P2-2007-3177A. The Supreme Court docketed Pine's appeal of the probation-violation adjudication in that matter on November 19, 2009. "From the time of the docketing of an appeal in the Supreme Court, said court shall have exclusive jurisdiction to supervise the further course of such appeal." R.I. Sup. Ct. Art. 1, Rule 11 (f); see alsoThompson v. Thompson, 973 A.2d 499, 513 (R.I. 2009). After an appeal is docketed, the Supreme Court may entertain notions to remand jurisdiction back to a lower court if the Court determines it necessary. Thompson, 973 A.2d at 513. Pine, through counsel, was undoubtedly aware of this when he asked the Supreme Court to remand the case to this Court, but as the Supreme Court has not yet done so, this Court is divested of the jurisdiction over the criminal matter. Id. (absent remand, trial court without subject matter jurisdiction to issue order in the action).
Contrary to Petitioner's contention that the criminal action is not necessary to grant the relief sought pursuant to § 12-19-18, the clear language of § 12-19-18(b) reveals that the criminal action in which the violation was found is the action that must be before the Court for relief to be granted. Section 12-19-18(b) provides that when one of the five events set forth in § 12-19-18(b)(1) — (5) is satisfied, a motion may be filed and the "sentence of imprisonment shall . . . be quashed, and imprisonment shall be terminated." Not only is imprisonment required to be terminated, but also the sentence is required to be quashed if one of five events is satisfied. To quash a sentence, this Court would, of necessity, be required to reinstate the sentence as if the *Page 5 
probation violation was never found.[1] See State v.DeCiantis, 813 A.2d 986, 987 (R.I. 2003) (upon quashing trial court's order vacating a sentence, challenged sentence was reinstated). Accordingly, the criminal action in which the sentence is to be reinstated must be before this Court in order for this Court to grant the relief requested. As the criminal action P2-2007-3177A lies exclusively with the Supreme Court, this Court is without jurisdiction to grant the relief sought pursuant to § 12-19-18(b).
 B Petitioner Is Not Entitled to Relief in Habeas CorpusPetition
Petitioner does not dispute that the Supreme Court has exclusive jurisdiction over the criminal matter in which Pine was found to be a violator, but rather asserts that the within habeas corpus petition is its own original action — entirely separate from the underlying criminal case — and therefore properly before this Court. However, because Pine does not meet the statutory requirements for habeas corpus relief under G.L. 1956 § 10-9-1, the instant Petition, including the relief sought therein pursuant to § 12-19-18(b), is not properly before this Court.
A writ of habeas corpus is an independent action and not a part of the original criminal proceeding. Flint v. Howard,464 F.2d 1084, 1085-86 (1st Cir. 1972). Section 10-9-1 provides that:
 "Every person imprisoned in any correctional institution or otherwise restrained of his or her liberty, other than persons imprisoned or restrained pursuant to a final judgment entered in a criminal proceeding, may prosecute a writ of habeas corpus, according to the provisions of this chapter, to obtain relief from the imprisonment or restraint, if it shall prove to be unlawful." Section 10-9-1 (emphasis added). *Page 6 
Thus, persons imprisoned or restrained pursuant to a final judgment entered in a criminal proceeding are not entitled to the habeas corpus remedy provided by § 10-9-1.
Petitioner maintains he is able to seek relief pursuant to a writ of habeas corpus because, by virtue of his pending appeal from the probation-violation finding, he is not imprisoned pursuant to a "final judgment" in a "criminal proceeding." Pet's Mem. at 4 (filed July 23, 2010). He argues that his probation-revocation decision is civil in nature and therefore his imprisonment does not derive from a criminal proceeding.Id. Moreover, he baldly asserts that his imprisonment is unlawful. Pet's Mem. at 3 (filed July 15, 2010); Pet's Mem. at 3 (filed July 23, 2010). Petitioner's reliance on each of these arguments is misplaced.
Quoting the United States Supreme Court, our Supreme Court has observed that "[a] suspended sentence is a prison term imposed for the offense of conviction. Once the prison term is triggered by a probation violation, the defendant is incarcerated not for the probation violation, but for the underlying offense." State v.Burke, 811 A.2d 1158, 1168 (R.I. 2002) (quoting Alabama v.Shelton, 535 U.S. 654, 662 (2002)). Indeed, "[i]t is well settled that a trial justice does not impose a new sentence after a probation revocation hearing, but rather executes the previously imposed sentence." State v. Brown,821 A.2d 695, 696 n. 2 (R.I. 2003) (citing State v. Rice,727 A.2d 1129, 1231 (R.I. 1999)). Therefore, final judgment was entered in the criminal case P2-2007-3177A when the trial court accepted Petitioner's plea and sentenced him to eight years.State v. Quaweay, 799 A.2d 1016, 1018 (R.I. 2002) (noting prior nolo contendere plea ripened into a valid and final judgment of conviction). Pine, already convicted of felony assault and simple assault from the March 26, 2009 plea and sentence, is now incarcerated not for the probation violation, but for the underlying criminal offense. Burke, 811 A.2d at 1168.
Next, our Supreme Court has recognized that a probation-revocation hearing is not part of the criminal-prosecution process but rather is a civil matter. State v. Summerour, 850 A.2d 948, *Page 7 
952 (R.I. 2004); see also State v. Crudup,842 A.2d 1069, 1073-74 (R.I. 2004) (not part of criminal-prosecution process). The distinction is drawn to establish that a probation-revocation hearing "does not call for the `full panoply of rights' normally guaranteed to defendants in criminal proceedings."Summerour, 850 A.2d at 952 (quoting Crudup,842 A.2d at 1073 (quoting State v. Vashey,823 A.2d 1151, 1154-55 (R.I. 2003))). The fact remains, however, that a probation revocation takes place within the criminal action itself, and therefore a finding of a probation violation is "entered in a criminal proceeding."
Finally, Petitioner's assertion that he has been unlawfully detained since the amendment to § 12-19-18 became effective on June 12, 2010 is wholly contradictory to the process which Petitioner himself invoked in filing his original Emergency Petition for Remand in the Supreme Court, namely, the motion practice identified in § 12-19-18(b). Until such time as Petitioner has been adjudged to be entitled to the specific relief sought pursuant to § 12-19-18(b) (including the application of any one of the five specified events set forth in § 12-19-18(b)(1) — (5)), or until such time as the Supreme Court rules in Petitioner's favor on his appeal from the probation-revocation finding, Petitioner isnot unlawfully held at the ACI. Rather, the five years Petitioner was ordered to serve for having violated his eight-year probationary sentence remains, at this time, a lawful sentence imposed after an evidentiary hearing was conducted before the trial court.
For all these reasons, this Court finds that Petitioner does not satisfy the statutory requirements to bring a Petition for Habeas Corpus pursuant to § 10-9-1, and therefore, the relief sought therein is denied and the Petition is dismissed.
 C Remaining Arguments Raised by the Parties
In further support of its objection to the within Petition, the State contends that the amendment to § 12-19-18 violates the separation of powers doctrine and that, in any event, *Page 8 
Petitioner is not entitled to relief under that statute because the "No Information" signed did not indicate that the State doubted the culpability of the Petitioner or that the State lacked probable cause. See generally, State's Memo. at 7-10 (filed July 15, 2010); seealso § 12-19-18(b)(3), (5). Petitioner, on the other hand, argues that the separation of powers doctrine does not apply because the probation-revocation finding is on appeal and that there is otherwise no separation of powers violation. Pet's Mem. at 6-12 (filed July 23, 2010). Petitioner further argues that failure to release Petitioner pursuant to the amended statute violates his due process and equal protection rights because "[o]ther inmates have already been released by the Court under this statute." Pet's Mem. at 10 (filed July 15, 2010); Pet's Mem. at 13 (filed July 23, 2010). Because this Court has determined that it is without jurisdiction to grant relief and the matter is otherwise not properly before this Court on a habeas petition, this Court will not address the merits of each of these arguments. Nonetheless, this Court is unaware of any inmates having been released pursuant to § 12-19-18, as amended, and therefore, any due process or equal protection argument is wholly without support even if the merits of such arguments were reached at this time.
 III Conclusion
For the foregoing reasons, this Court is without jurisdiction to grant any relief pursuant to § 12-19-18 because Petitioner's criminal case, P2-2007-3177A, remains pending in and is within the exclusive jurisdiction of the Supreme Court. Further, Petitioner does not satisfy the statutory requirements to seek relief pursuant to § 10-9-1, and therefore, his Petition is also denied and dismissed. Finally, Petitioner's arguments on the merits of the applicability of § 12-19-18, as amended, to his imprisonment are not properly before this Court in the present posture.
Counsel for the moving party shall prepare an Order and Judgment consistent herewith.
[1] It is evident from the clear language of § 12-19-18 that a defendant is not afforded any credit for time in which he or she was imprisoned for a probation violation if his or her imprisonment is ultimately terminated pursuant to § 12-19-18(b). Reinstatement of the sentence prior to the violation is therefore required, as opposed to any recalculation of a sentence.