**STATE**

**v.**

**Richard A. DALE.**

**No. 2000–484–C.A.**

Supreme Court of Rhode Island.

Dec. 17, 2002.

796

Annie Goldberg, Aaron L. Weisman, Providence, for Plaintiff.

Richard Dale, Paula Rosin, Providence, for Defendant.

Present WILLIAMS, C.J., LEDERBERG, FLANDERS, and GOLDBERG, JJ.

## AMENDED OPINION

PER CURIAM.

This case came before the Court on September 25, 2002, pursuant to an order directing the parties to appear and show cause why the issues raised in this appeal should not be summarily decided. After hearing arguments of counsel and reviewing the memoranda submitted by the parties, we are satisfied that cause has not been shown. Accordingly, we shall decide the appeal at this time.

The defendant, Richard A. Dale (Dale or defendant), appeared before this Court *pro se*, on appeal from a Superior Court adjudication that he violated the terms and conditions of his probation stemming from a twenty-five-year sentence for robbery that was imposed in 1990. This was defendant's second determination of violation in one year. Dale previously had admitted to an unrelated probation violation for possession of heroin, and faced a sentence of eighteen months to serve, with the remaining twelve and a half years suspended sentence to remain in effect. Upon the second violation, now at issue, defendant was sentenced to serve an additional eight years at the Adult Correctional Institutions (ACI). In total, Dale was sentenced collectively to nine and a half years to serve, with four and a half years to remain suspended.

The defendant challenges the validity of the second violation adjudication based on a double jeopardy theory, asserting that

the first violation hearing justice had fully considered the very behavior raised in the second hearing. Based on this claim of double jeopardy, defendant assigns as error the denial of his motion for an interlocutory appeal before the second violation hearing. Furthermore, defendant argues that ineffective assistance of counsel hindered his ability to properly argue at the violation hearing the basis of his right to an immediate interlocutory appeal. Lastly, Dale seeks review of the denial of his motion to correct sentence; he argues that after removing the suspended sentence and ordering time served, the violation justice erroneously calculated the amount of sentence remaining. However, Dale does not challenge the findings that he violated the terms of his probation. We deny and dismiss his appeal.

On March 22, 1990, after he entered a plea of *nolo contendere* to the crime of robbery, Dale was sentenced to twenty-five years at the ACI, eleven years to serve, fourteen years suspended, with fifteen years probation. The defendant was released from confinement on March 25, 1994. He enjoyed conditional liberty for approximately six years. However, on October 8, 1999, he was presented as a probation violator based upon a charge of possession of heroin. Dale subsequently admitted violation and, as part of an agreement, the court ordered Dale to undergo outpatient substance abuse treatment and agreed to continue the matter until April 7, 2000, for sentencing. However, on January 17, 2000, before he was sentenced, defendant was arrested and charged with several felony offenses including a home invasion, larceny of a firearm, and possession of cocaine. At the April sentencing for the first violation, the hearing justice found that Dale had failed to complete the alcohol treatment program, most notably because of his arrest in January. Consequently, although the state had dismissed the underlying charge of possession of heroin, the hearing justice concluded that Dale voluntarily had admitted to the probation violation and had failed to fulfill the terms of the agreement. Dale was sentenced to serve eighteen months of the previously imposed fourteen-year suspended sentence.

On May 31, 2000, before a second hearing justice, violation hearings commenced against Dale based upon charges involving a home invasion, larceny of a firearm, and possession of cocaine. After a series of evidentiary hearings during which Dale admitted to receiving stolen goods, he was declared a violator and sentenced to serve eight years at the ACI, with four and a half years remaining suspended. Dale's motion to dismiss based upon double jeopardy and his motion for leave to file an immediate interlocutory appeal were denied. Judgment of conviction entered on July 27, 2000.

Dale contends that when faced with a second violation hearing and sentencing, he was placed in double jeopardy. He argues that but for his January arrest, he successfully would have completed the alcohol treatment program and would not have been sentenced to prison at the April hearings. Dale asserts that when sentencing him to serve time for possession of heroin, the hearing justice considered the January felony arrest. Dale emphasizes that the underlying charge of possession of heroin had been dismissed before he was sentenced, seemingly implying that the hearing justice must have relied on the aforementioned felony charges.

■ The defendant's double jeopardy contentions are without merit. The dismissal of the heroin possession charge before sentencing is of no consequence because Dale already had admitted to violation and merely was awaiting sentence.

This Court repeatedly has held that there need not be a pending or substantiated criminal charge for a defendant to be adjudged a violator of probation. *State v. Goddu,* 639 A.2d 62, 63 (R.I.1994) (upholding a probation violation even after defendant was acquitted of the underlying charges); *Charest v. Howard,* 109 R.I. 360, 285 A.2d 381 (1972). Although Dale's unrelated arrest in January was the occasion for his permanent withdrawal from the treatment facility, it was his admission that he violated the terms and conditions of his probation that led to his sentencing in April.

 The Double Jeopardy Clause of the United States Constitution acts as a safeguard to protect against the following three abuses: " '[1] a second prosecution for the same offense after acquittal; [2] a second prosecution for the same offense after conviction; and [3] multiple punishments for the same offense.' " *State v. Ciolli,* 725 A.2d 268, 270 (R.I.1999) (quoting *State v. One 1990 Chevrolet Corvette, VIN:1G1YY3388L5111488,* 695 A.2d 502, 505 (R.I.1997)). However, when applying a double jeopardy argument to the context of a Super.R.Crim.P. 32(f) probation violation,[1] it should be noted that the proceedings are civil in nature, not prosecutorial. *See State v. Pinney,* 672 A.2d 870, 871 (R.I.1996). A finding of a probation violation pursuant to Rule 32(f) need only be established by "reasonably satisfactory evidence;" the only purpose of the hearing is to determine whether the defendant has kept the peace and been of good behavior. *State v. Znosko,* 755 A.2d 832, 834 (R.I. 2000) (citing *State v. Kennedy,* 702 A.2d 28, 31 (R.I.1997)).

In this case, Dale already had admitted violation and was merely awaiting sentence by the first hearing justice. Although the hearing justice clearly was aware of the arrest in January, there are indisputable indications that such charges were not considered as the basis for the sentencing in April. Conversely, the hearings before the second hearing justice were based solely on evidence surrounding the January arrest, substantive allegations wholly independent of the heroin possession. Dale was on conditional liberty after 1994, and twice engaged in illegal behavior. He therefore faced two distinct sentencings for these violations. The eight-year sentence imposed at Dale's second violation hearing was a valid and appropriate sentence.

We deem Dale's assertion of error from the refusal of the hearing justice to permit an interlocutory appeal to be without merit. The defendant never sought a stay of the ruling, nor did he seek review in this Court. Notwithstanding, the issue of double jeopardy is now before this Court for review. Thus, the denial of interlocutory review is now a nullity and will not have an impact on the final outcome.

Dale also alleges ineffective assistance of counsel because his attorney, while arguing for an interlocutory appeal, incorrectly asserted that the case law relied upon was not rooted in a Rule 32(f) context. Dale contends that this misinformation had a direct impact on the hearing justice's decision not to allow an immediate interlocutory appeal. This Court will not entertain Dale's contentions, because this allegation of error is not reviewable on direct appeal

---

1. Rule 32(f) of the Superior Court Rules of Criminal Procedure pertaining to sentence and judgment provides in pertinent part: *"Revocation of Probation.* The court shall not revoke probation or revoke a suspension of sentence or impose a sentence previously deferred except after a hearing at which the defendant shall be afforded the opportunity to be present and apprised of the grounds on which such action is proposed."

 

and, in light of our holding herein, this argument is moot.

■ Lastly, Dale challenges the denial of his motion to correct sentence. He asserts that in the process of removing and continuing his suspended sentence, the court erroneously extended his original sentence. It is evident from his submitted memoranda that Dale mistakenly believes that a suspended sentence begins to run at the onset of release from confinement. Therefore, he contends that upon his release in 1994, the fourteen-year suspended sentence began to run; consequently, he believes that upon violation in 2000, he already had "served" six years and was subject only to eight more. Dale is correct that " '[a] trial justice has no authority under G.L.1956 § 12–19–9 to extend a violator's probationary period after he or she is ordered to serve the sentence previously imposed.' " *State v. Heath,* 742 A.2d 1200, 1201 (R.I.2000) (per curiam) (quoting *State v. Rice,* 727 A.2d 1229, 1231 (R.I.1999)). However, upon Dale's release in 1994 and the expiration of his parole,[2] if any, Dale owed the state fifteen years of good behavior. Thus, these sentences totaling nine and one-half years to serve were within the confines of the fourteen year previously suspended sentence. Furthermore, the hearing justice has considerable latitude in deciding whether a probation violator's suspended sentence should be removed in whole, in part, or not at all, pursuant to § 12–19–9.[3] *State v. Tucker,* 747 A.2d 451, 454 (R.I.2000). In this case, each hearing justice exercised sound discretion at sentencing and neither exceeded the confines of Dale's original sentence.

For the foregoing reasons, the defendant's appeal is denied and dismissed and the judgment of the Superior Court is affirmed.

---

2. The indictment charged the defendant with committing the crime of robbery on October 20, 1988. The defendant entered a plea, mid-trial, on March 22, 1990, and was released from confinement on March 25, 1994, having served less than six years of an eleven year sentence.

3. General Laws 1956 § 12–19–9(b) provides in pertinent part as follows:

"Upon a determination that the defendant has violated the terms and conditions of probation the court, in open court and in the presence of the defendant, may remove the suspension and order the defendant committed on the sentence previously imposed, or on a lesser sentence, or impose a sentence if one has not been previously imposed, or may continue the suspension of a sentence previously imposed, as the court deems just and proper."