STATE

v.

**Curley SNELL.**

No. 2001–621–C.A.

Supreme Court of Rhode Island.

Dec. 13, 2004.

Virginia M. McGinn, Providence, for Plaintiff.

Paula Rosin, Providence, for Defendant.

Present: WILLIAMS, C.J., GOLDBERG, FLAHERTY, SUTTELL, and ROBINSON, JJ.

**OPINION**

PER CURIAM.

The defendant, Curley Snell (defendant), appeals from a hearing justice's finding that he violated his probation. This case came before the Supreme Court for oral argument on November 1, 2004, pursuant to an order directing the parties to appear and show cause why the issues raised in this appeal should not summarily be decided. After hearing the arguments of counsel and examining the memoranda filed by the parties, we are of the opinion that cause has not been shown and proceed to decide the appeal at this time. For the reasons indicated herein, we affirm the judgment of the Superior Court.

**I**

**Facts and Travel**

In January 2001, defendant was on probation pursuant to a July 19, 2000 conviction for malicious destruction of property. He had been sentenced to one year at the Adult Correctional Institutions, with ten days to serve, and the remainder of his sentence suspended, with probation.

Tanny Eisom (Eisom), defendant's ex-girlfriend, was going out with friends around 11 p.m. on January 11, 2001. As she was leaving, defendant arrived at her apartment to drop off their son. After defendant and Eisom exchanged some nasty words, she continued with her plans and did not return home until after 2 a.m. As Eisom and her friends ascended the stairs to her apartment, defendant appeared and asked "Where's that bitch at?" Eisom turned and ran back down the stairs but defendant caught up to her as she tried to run down the walkway. The defendant threw Eisom to the ground, punching her head and stabbing her neck with a knife. Eisom's brother, Slade Edmond (Edmond), tried to come to her rescue, but defendant turned his anger on Edmond, stabbing him several times in the stomach and neck. Fortunately, both Eisom and Edmond survived, and defendant was arrested.

A revocation hearing was held on August 2, 2001. After Eisom testified, the hearing justice declared that there was "no need for the State to put on any other witnesses." Without objection from defendant, the hearing justice found that defendant had stabbed both Eisom and Edmond, thus violating the terms of his probation. The defendant has since served his time for violating probation, but now asks this Court to vacate the adjudication and remove it from his record, alleging that his due process rights were violated at the revocation hearing.

**II**

**Discussion**

■ "The only issue at a revocation hearing is whether a defendant has

breached a condition of his probation by failing to keep the peace or remain on good behavior." *State v. Summerour,* 850 A.2d 948, 951 (R.I.2004) (quoting *State v. Crudup,* 842 A.2d 1069, 1072 (R.I.2004)). The hearing justice is not required to determine beyond a reasonable doubt whether a crime was committed, rather only whether "there is reasonably satisfactory evidence to prove that a violation occurred." *Id.* When reviewing an appeal from a revocation hearing, we consider only "whether the hearing justice acted arbitrarily or capriciously in finding a violation." *Id.* (quoting *Crudup,* 842 A.2d at 1072).

■ First, defendant argues that his rights to confront and cross-examine a witness were violated when the trial justice sustained the state's objections, preventing him from questioning Eisom about whether she knew of an operation defendant had on his hand a year before the assault. Although a revocation hearing "does not call for the 'full panoply of rights' normally guaranteed to defendants in criminal proceedings," a defendant does have the "right to confront and cross-examine the witnesses against [him]." *Crudup,* 842 A.2d at 1073 (quoting *State v. Vashey,* 823 A.2d 1151, 1154–55 (R.I.2003)). The purpose of cross-examination is "to establish possible bias, prejudice, or ulterior motives of the adverse witness." *State v. Russo,* 701 A.2d 1023, 1024 (R.I.1997) (mem.) (quoting *State v. Bourdeau,* 448 A.2d 1247, 1249 (R.I.1982)). On review, absent a clear abuse of discretion, this Court will not disturb a hearing justice's decision to limit the scope of a cross-examination. *State v. Feole,* 748 A.2d 239, 242 (R.I.2000).

■ According to defendant, he wanted to question Eisom about his injury in an effort to discredit her credibility by showing that he was physically incapable of grabbing, holding, punching and stabbing her as she alleged. This argument is tenuous. The defendant questioned Eisom at length, thus his rights to confront and cross-examine a witness against him were more than satisfied. In addition, defendant was not prevented from introducing evidence of his alleged operations through other channels, but failed to do so. The hearing justice simply prohibited him from phrasing his questions to Eisom about her knowledge of the surgeries in a particular manner. He was welcome to rephrase the question or to discredit Eisom. The hearing justice did not abuse his discretion in limiting defendant's cross-examination. Therefore, we must affirm his decision.

■ The defendant next argues that he was prevented from presenting his own witnesses and evidence at the hearing after the hearing justice informed the state that no more witnesses were needed. Unfortunately, the hearing justice short-circuited the proceeding, a practice we do not encourage. However, the defendant admits that he never requested the opportunity to address the court. It is well-established that this Court will not review issues that are raised for the first time on appeal. *State v. Grant,* 840 A.2d 541, 546 (R.I.2004). A close look at the hearing transcript shows that the defendant never tried to present testimony or evidence before the hearing justice declared him to be a violator of his probation, and never raised the issue that his due process rights were violated. Additionally, the defendant has failed to point to any evidence he could have presented in his defense. He has waived his right to appeal on these grounds.

### Conclusion

For the reasons stated herein, we affirm the judgment of the Superior Court. The

record shall be remanded to the Superior Court.