**STATE**

v.

**Frank C. VIEIRA.**

**No. 2002–254–C.A.**

Supreme Court of Rhode Island.

Oct. 25, 2005.

Diane Daigle, Esq., for Plaintiff.

George J. West, Esq., Providence, for Defendant.

Present: WILLIAMS, C.J., GOLDBERG, FLAHERTY, SUTTELL, and ROBINSON, JJ.

## OPINION

Chief Justice WILLIAMS, for the Court.

The defendant, Frank C. Vieira (defendant), appeals from a Superior Court judgment, finding that he violated the conditions of probation imposed in conjunction with a suspended sentence. This case came before the Supreme Court for oral argument on September 26, 2005, pursuant to an order directing the parties to appear and show cause why the issues raised in this appeal should not summarily be decided. After hearing the arguments of counsel and examining the memoranda filed by the parties, we are of the opinion that this appeal may be decided at this time. For the reasons set forth below, we affirm the judgment of the Superior Court.

## I

### Facts and Travel

In July 1995, defendant entered a plea of nolo contendere to a charge of possession of a stolen motor vehicle and was sentenced to ten years in prison, with six months to serve and the remaining nine years and six months suspended, with probation.

The state presented defendant as a violator of that probation, as well as two other sentences, in December 2001. The only witness at the violation hearing was Robert Kirkland. Kirkland testified that, on August 14, 2001, he solicited a prostitute outside an Atwells Avenue convenience store in Providence. As he and the prostitute walked to the second floor of a nearby abandoned building, they passed two men. Kirkland testified that as soon as she began to perform "sexual favors" on him, the two men, one of whom Kirkland identified as defendant, attacked him.

During the ensuing struggle, defendant punched Kirkland in the face and choked him, while the other man sprayed him with Kirkland's pepper spray, threatened him with "a bar," and took his money, his license, car keys, and, eventually, his car. Kirkland called police from the convenience store and eventually received medical treatment for his injuries. On cross-examination, Kirkland testified that he was unaware that soliciting a prostitute was a crime. After the testimony, defendant argued that the state had failed to prove that he had violated his probation because Kirkland was not a credible witness and the evidence did not prove he suffered extensive injuries.

The hearing justice, finding Kirkland to be credible, determined that defendant, the prostitute, and the other man had concocted a joint scheme to rob Kirkland. He repeatedly characterized the beating that defendant visited upon Kirkland as "vicious," and described Kirkland's injuries as "serious." Accordingly, the hearing justice concluded that defendant had violated the terms of his probation, removed the suspension from the sentence for possession of a stolen motor vehicle, and sentenced him to serve nine years and six months.[1]

The defendant appeals, alleging several errors.

## II

### Analysis

The defendant's primary argument on appeal is that the state failed to present reasonably satisfactory evidence that defendant violated his probation.

At a probation violation hearing, we faithfully have held that the state is not required to prove that a defendant has committed a crime; instead, the state must prove through reasonably satisfactory evidence that a defendant has failed to keep the peace or remain of good behavior. *State v. Snell*, 861 A.2d 1029, 1030–31 (R.I. 2004); *State v. Gautier*, 774 A.2d 882, 886–87 (R.I.2001). When reviewing a finding of a probation violation, this Court will consider only " 'whether the hearing justice acted arbitrarily or capriciously in finding a violation.' " *Snell*, 861 A.2d at 1031. Furthermore,

" '[w]hen a probation-violation inquiry turns on a determination of credibility, * * * and the hearing justice, after considering all the evidence, accepts one version of events for plausible reasons stated and rationally rejects another version, we can safely conclude that the hearing justice did not act unreasonably or arbitrarily in finding that a probation violation has occurred.' " *State v. Sylvia*, 871 A.2d 954, 957 (R.I.2005).

Undaunted by the appellate gauntlet that is a deferential standard of review of a hearing justice's application of a modest burden of proof, defendant maintains that the hearing justice's ruling in this case was arbitrary and capricious. The defendant advances two reasons to support that argument: (1) Kirkland's testimony was not credible; and, (2) the hearing justice's conclusion that the attack was "vicious" is not supported by the evidence. Concerning Kirkland's credibility, " 'assessing the credibility of witnesses' " is the

---

1. The defendant actually was presented as a violator of his probation with respect to three separate sentences: the charge of possession of a stolen motor vehicle, and two others. The conviction for possession of a stolen motor vehicle is the only sentence directly relevant to this appeal. The trial justice found defendant to have violated the terms of his probation with respect to the other two sentences, but instead continued him on the same sentences.

function of the hearing justice. *Gautier*, 774 A.2d at 887 n. 3. The trial justice expressly stated that Kirkland's testimony left him with no question concerning defendant's role in the beating and robbery. Kirkland's questionable testimony on other topics—namely, his assertion during cross-examination that he was unaware that prostitution was illegal—is insufficient to convince us on appeal that his testimony was not credible as to the essence of the incident and that the hearing justice's ultimate conclusion that defendant breached the peace was arbitrary or capricious.

■■■ Turning to the issue of the severity of the attack, defendant argues that Kirkland's medical reports documenting his treatment after the attack do not support the hearing justice's assertion that the attack was "vicious." Regardless of the medical reports, Kirkland's testimony, which again the hearing justice found to be credible, demonstrated that defendant and his partner punched Kirkland, choked him, sprayed him with pepper spray, and even threatened him with a bar. This testimony is more than sufficient to support the hearing justice's finding. Furthermore, the attack here need not be vicious to amount to a violation of probation; the state has to prove only within a reasonable degree of probability that defendant breached the peace. *Snell*, 861 A.2d at 1031. Evidence demonstrating within a reasonable degree of probability that defendant was involved in a scheme to rob Kirkland is more than sufficient to meet the applicable standard. We hold that the hearing justice's findings of fact and conclusions of law with respect to defendant's probation violation were proper.

The defendant next argues that the hearing justice abused his discretion in removing the entire suspension of the sentence.

■■■ The hearing justice, when determining the proper sentence to impose upon a probation violator, has wide discretion to "remove the suspension and order the defendant committed on the sentence previously imposed, or on a lesser sentence, * * * or may continue the suspension of a sentence previously imposed * * *." G.L.1956 § 12–19–9; *see also State v. Dale*, 812 A.2d 795, 799 (R.I.2002). Interpreting this statute, we have stated: "Like the sword of Damocles, the unexecuted portion of a probationer's suspended sentence hangs over his or her head by the single horsehair of good behavior, until such time as the term of probation expires." *State v. Parson*, 844 A.2d 178, 180 (R.I.2004). Thus, defendant's assertion that he had been of good behavior from 1995 until he violated his probation in 2001 did not prevent the hearing justice from imposing the full sentence. We hold that the hearing justice acted well within the discretion granted to him by § 12–19–9.[2]

The defendant next contends that the hearing justice imposed the wrong sentence. Although defendant was presented

---

2. The only authority that defendant relies upon to support his argument on this issue is *State v. Chaney*, 477 P.2d 441 (Alaska 1970), which analyzed a trial justice's decision to impose concurrent one-year sentences for the crime of forcible rape and robbery, despite the fact that, in the opinion of the Supreme Court of Alaska, the sentence was not "well calculated to achieve the objective of reformation of the accused." *Id.* at 447. First, we note that this authority is merely persuasive, and, therefore, nonbinding. Second, *Chaney* is easily distinguishable in many different ways from the case currently before us; the principal distinction being that *Chaney* did not pertain to the removal of a suspension of a sentence, but rather was an opinion in which that court merely voiced its disapproval of a lenient sentence imposed upon a defendant who was convicted of a serious crime. *Id.* at 442, 446.

as a violator on three different sentences, the hearing justice removed the suspension only with respect to the sentence for possession of a stolen motor vehicle—the balance of which was nine years and six months. The hearing justice clearly recited the number of the case file pertaining to the conviction for possession of a stolen motor vehicle. The judgment reflecting that conviction clearly establishes the sentence of ten years in prison, with six months to serve, and the remaining nine years and six months suspended, with probation. The defendant nevertheless draws our attention to what appears to be an errant reference to a case file number during a court appearance in June 2000, when defendant waived his right to information and pled nolo contendere to a charge of breaking and entering of a dwelling in July 1995. Any ministerial error during that court appearance does not impact the sentence imposed in July 1995 for the crime of possession of a stolen motor vehicle. We hold that the hearing justice properly imposed the applicable sentence for the identified crime.

■■■ The defendant's final contention is that the suspension of his sentence for violation of his probation is disparate when compared with the sentence of his codefendant. This comparison is unavailing to defendant. The basis for defendant's argument is *State v. Ballard,* 699 A.2d 14, 19 (R.I.1997), in which this Court reduced a criminal's sentence from two *consecutive* life terms, both of which would run concurrently with another sixty-five year sentence, to a sentence of two life terms and another sixty-five year term, all of which would run *concurrently.* Although *Ballard* did, in part, compare the sentence of the defendant with that of his coconspira-

tors for similar criminal offenses, *id.* at 17, that case is notably different from this one, which involves a probation violation and the subsequent removal of suspension of a sentence. Probation violators are not sentenced with respect to the conduct that comprises the violation, but rather the sentence is "guided principally by consideration of the nature of the *first* offense." *State v. Pires,* 525 A.2d 1313, 1314 (R.I. 1987) (emphasis added). Thus, although the alleged crimes committed against Kirkland triggered the probation violation, the removal of the suspension of defendant's sentence in this case was governed by the 1995 conviction for possession of a stolen motor vehicle. Accordingly, any comparison between the removal of the suspension of defendant's sentence for a 1995 conviction and his coconspirator's sentence for offenses committed in 2001 would be akin to that of apples and oranges. *Ballard,* to the extent that it has value as precedent,[3] is of no moment in this instance.

### Conclusion

For the reasons stated above, we affirm the judgment of the Superior Court. The record in this case shall be remanded to the Superior Court.

---

**3.** In a slightly different context, we have stated that *Ballard* "should be narrowly read to apply to the facts in that case[.]" *State v.*

*Morris,* 863 A.2d 1284, 1288 (R.I.2004); *see also State v. Guzman,* 794 A.2d 474, 476 (R.I. 2002).