STATE

v.

**Edward MANN.**

No. 2004–362–C.A.

Supreme Court of Rhode Island.

Dec. 9, 2005.

Diane Daigle, for Plaintiff.

Paula Rosin, Providence, for Defendant.

Present: WILLIAMS, C.J.,
GOLDBERG, FLAHERTY, SUTTELL,
and ROBINSON, JJ.

## OPINION

Justice SUTTELL, for the Court.

On July 12, 2003, at approximately 2 a.m., West Warwick police officer Jason Greene stopped a small black pickup truck after noticing that the truck's in-tow dolly trailer lacked visible license plates.[1] A routine license check further revealed that the driver's license of the truck's operator, Edward Mann (defendant), had been suspended by the Department of Motor Vehicles. Officer Greene arrested the defendant and placed him in the patrol vehicle. After contacting a towing company to impound the pickup truck and dolly trailer, Officer Greene conducted an inventory search of the vehicles. In the bed of the truck, he discovered two screw guns and an industrial dirt compactor.[2] The compactor appeared to be new and had a tag displaying the tool's serial number.

Apparently skeptical of Mr. Mann's contention that he had bought all three tools "at a lemonade stand on Broad Street in Providence from some guy," Officer Greene later entered the compactor's serial number into a computer database to determine whether anyone had reported the tool as stolen.[3] Although the database did not initially list the compactor as stolen, a subsequent investigation revealed information linking the compactor discovered in defendant's truck to one that had been reported missing from the Home Depot in Bellingham, Massachusetts on July 12, 2003. On July 14, 2003, the West Warwick Police Department contacted Michael Pikiel, the manager of the tool rental

---

1. A dolly trailer is a manner of towing in which only the two rear tires of the vehicle in tow touch the ground.

2. A compactor is a tool that compresses soil to create a flat surface on which to pave.

3. In denying defendant's pretrial motion to suppress the evidence obtained as a result of the stop, the trial justice found that Officer Greene had engaged in a proper inventory search, and that Mr. Mann had been advised of his *Miranda* rights before being questioned about the compactor.

department at the Bellingham Home Depot, who then matched the serial number the police provided to the one that was missing from the store's inventory.[4]

Mr. Mann was charged by criminal information and tried before a jury on one count of receiving stolen goods valued over $500 and one count of driving with a suspended license. He was found not guilty of the latter charge, but was convicted of the felony charge. After the trial justice denied his motion for a new trial and sentenced him to seven years, with two years to serve in home confinement, five years suspended and five years probation, defendant appealed from the judgment of conviction. This case came before the Supreme Court for oral argument pursuant to an order directing the parties to show cause why the issues raised in this appeal should not summarily be decided. After considering the written and oral submissions of the parties and examining the record, we are of the opinion that the issues raised in this appeal may be resolved without further briefing or argument. For the reasons set forth herein, we affirm the judgment of conviction.

## Standard of Review

■ Mr. Mann raises two issues on appeal, both of which concern evidentiary rulings that the trial justice made. It is well settled that "[t]he admissibility of evidence is a question addressed to the sound discretion of the trial justice and will not be disturbed on appeal absent a clear abuse of that discretion." *State v. Lynch*, 854 A.2d 1022, 1031 (R.I.2004) (quoting *State v. Momplaisir*, 815 A.2d 65, 72 (R.I. 2003)). In the context of the examination of a witness at trial, "[w]e give considerable latitude to a trial justice's rulings."

*State v. Gomez*, 848 A.2d 221, 237 (R.I. 2004). We will not consider such rulings to be reversible error unless we find that the trial justice abused his discretion and thereby prejudiced the complaining parties. *State v. Hallenbeck*, 878 A.2d 992, 1015 (R.I.2005).

## Hearsay Argument

■ The defendant first argues that the trial justice permitted the prosecution to elicit inadmissible hearsay evidence that went directly to the state's allegation that the compactor had been stolen. At trial, Mr. Pikiel testified that when he left work on July 11, 2003, the compactor was chained outside the store for display purposes. Over defendant's objection, Mr. Pikiel was further allowed to testify that when he arrived at work on July 12, another Home Depot employee told him that "the aircraft cable [that had secured the compactor] looked like it had been cut." The defendant argues that this statement was "rank hearsay," highly prejudicial, and should not have been admitted.

■ The defendant's hearsay argument fails because the out-of-court statement to which Mr. Pikiel testified is not hearsay under Rule 801(c) of the Rhode Island Rules of Evidence. Rule 801(c) defines hearsay as "a statement, other than one made by the declarant while testifying at the trial or hearing, *offered in evidence to prove the truth of the matter asserted.*" (Emphasis added.) On several occasions, we have noted that "[i]t is axiomatic that an out-of-court statement is not hearsay unless it is offered for the truth of the matter asserted." *State v. Gomes*, 764 A.2d 125, 131 (R.I.2001) (quoting *State v. Johnson*, 667 A.2d 523, 530 (R.I.1995)). Out-of-court statements not offered for the

---

**4.** We believe it worthy to note that the identification of the compactor on leave from Home Depot as the purloined implement discovered in defendant's pickup truck is a fine example of solid police investigatory work by Officer Greene and the West Warwick Police Department.

truth of the matter asserted may be admissible for the limited purpose for which counsel offers them, barring relevancy or prejudicial concerns under Rules 402 and 403 of the Rhode Island Rules of Evidence, respectively. *See State v. John*, 881 A.2d 920, 927–28 (R.I.2005) (discussing the ramifications of Rule 403 on the admissibility of an out-of-court statement); *State v. Santos*, 122 R.I. 799, 820–21, 413 A.2d 58, 70 (1980) (discussing the role of Rule 402 in a similar milieu). For such statements, therefore, the invocation of an otherwise applicable exception to the general prohibition of hearsay testimony is unnecessary. *State v. Crow*, 871 A.2d 930, 936 (R.I.2005); *In re Jean Marie W.*, 559 A.2d 625, 629 (R.I.1989).

In *State v. Tatro*, 659 A.2d 106, 110 (R.I.1995), we held that an out-of-court statement made by the defendant that her registration was in the glove compartment was not hearsay. Significantly, the state in *Tatro* did not offer the statement to prove the truth of the matter asserted. *Id.* Rather, the statement served to show what prompted the officer who stopped the defendant to open the glove compartment which contained information important to the disposition of the case. *Id.*; *accord Crow*, 871 A.2d at 936–37 (holding that an out-of-court statement was not hearsay because it was offered to demonstrate what

prompted the officer to become involved in the investigation); *see also State v. Grayhurst*, 852 A.2d 491, 504–05 (R.I.2004) (holding that an out-of-court statement was not hearsay because it was not offered to prove the truth of the matter asserted); *State v. Oliveira*, 774 A.2d 893, 916–18 (R.I.2001) (same); *State v. Feole*, 748 A.2d 239, 243 (R.I.2000) (same); *In re Jean Marie W.*, 559 A.2d at 629 (same); *Santos*, 413 A.2d at 70 (same).[5]

In the case before us, the record reveals that, in offering the statement of the Home Depot employee, the state did not intend to prove that someone had actually cut the aircraft cable that secured the compactor Officer Greene discovered in the bed of defendant's truck. Quite to the contrary, the state solicited Mr. Pikiel's testimony surrounding the statement for the limited purpose of showing what *prompted* Mr. Pikiel to conduct an equipment inventory on July 12, 2003. That inventory resulted in the production of a serial number that matched the compactor found on defendant's truck bed. The state relied upon the matching serial numbers, not the aircraft cable, throughout trial to prove that the compactor was a stolen good under G.L.1956 § 11–41–2.[6] Accordingly, we hold that the out-of-court statement to which Mr. Pikiel testified was not hearsay; therefore, the trial justice did not

5. For a discussion on the related yet distinguishable context of the admissibility of out-of-court statements for the limited purpose of showing probable cause to apprehend a suspect, *compare State v. Gomes*, 764 A.2d 125, 131 (R.I.2001) (holding that a radio broadcast describing the defendant was admissible to establish probable cause for arrest), *and State v. Palmigiano*, 112 R.I. 348, 359–60, 309 A.2d 855, 862 (1973) (same), *with State v. Braxter*, 568 A.2d 311, 314–15 (R.I.1990) (holding an informant's tip inadmissible because it was more than necessary to explain police presence), *and State v. Bulhoes*, 430 A.2d 1274, 1276–78 (R.I.1981) (holding an informant's

tip inadmissible because probable cause was not an issue in the case).

6. The parties' motions before and after trial further demonstrate the importance of the serial number Mr. Pikiel generated from the inventory, as opposed to the testimony concerning the aircraft cable. The defendant's motion to suppress evidence, for example, was based entirely upon the admissibility of the serial number. Also, defendant's Super. R.Crim. P. 29 motion after trial again attacked the validity of the serial number, not whether the aircraft cable was cut. Moreover, the trial justice's oral denial of defendant's Rule 29 motion acknowledged that the

abuse his discretion by allowing the testimony to stand.

### Motion to Strike the Word "Story"

 Mr. Mann's second contention is that the trial justice's denial of his motion to strike the word "story" from Officer Greene's testimony constituted reversible error. When asked to describe what happened when he arrived at the police station with defendant, Officer Greene explained that he again read Mr. Mann his constitutional rights and asked him about the tools. After that inquiry, Officer Greene testified that "once again he provided me the same story is [*sic*] that he bought the screw guns for $35 each and the compactor from a gentleman at a lemonade stand on Broad Street in Providence for $400." The defendant immediately objected to the word "story," requesting that the witness be directed to use the word "statement." On appeal, he asserts that the word "story" implies dishonesty, and that the jury may well have interpreted Officer Greene's use of the word as an indication that he did not believe that defendant was telling the truth. He further contends that such a characterization, coming from a police officer, probably would have a tremendous impact on the jury, to defendant's detriment.

 This argument fails on a foundational level. We first make the fundamental observation that "[t]he determination of the truthfulness or credibility of a witness lies within the exclusive province of the jury." *State v. Lassiter,* 836 A.2d 1096, 1107 (R.I.2003) (quoting *State v. Haslam,* 663 A.2d 902, 905 (R.I.1995)). A lay witness may not invade the jury's fact-finding role by proffering an opinion, unless that opinion is based upon personal perception

and helps the jury. *State v. Barrett,* 768 A.2d 929, 940 (R.I.2001); *see also* R.I. R. Evid. 701. The testimony against which we apply the general prohibition in Rule 701, however, either must state a literal opinion or one with the same "substantive import." *See, e.g., State v. Higham,* 865 A.2d 1040, 1045 (R.I.2004); *Haslam,* 663 A.2d at 905; *State v. Tavares,* 590 A.2d 867, 870–71 (R.I.1991) (citing *Commonwealth v. Montanino,* 409 Mass. 500, 567 N.E.2d 1212 (1991)). Other than citing a dictionary definition of the word, the defendant provides no evidence that the manner in which Officer Greene employed the word "story" constituted an opinion, literally or figuratively. Nor do we construe from the context of Officer Greene's overall testimony his use of the word as commentary on Mr. Mann's veracity. *See State v. Lyons,* 725 A.2d 271, 276 (R.I. 1999) (reviewing the offending statements in the context of the witness's overall testimony before the jury); *State v. Brown,* 709 A.2d 465, 479 (R.I.1998) (same). One need not be initiated in any esoteric jargon or patois to understand the word "story"; rather, it is a word of everyday usage. We are satisfied that, in this case, the jury was capable of properly interpreting the word within the context of Officer Greene's testimony. We hold, therefore, that the trial justice did not abuse his discretion in refusing to strike Officer Greene's testimony.

### Conclusion

For the reasons stated herein, we affirm the judgment of conviction of the Superior Court, to which we remand the record.

---

information regarding the aircraft cable merely *"prompted* Mr. Pikiel, who was the man in charge of these rental tools, including this compactor, to check and he discovered that this particular compactor was missing

and that he notified his Loss Prevention Department." (Emphasis added.) The trial justice later reiterated the out-of-court statement's limited purpose in denying defendant's motion for a new trial.