**STATE**

v.

**Roosevelt WHITE.**

**No. 2005–138–C.A.**

Supreme Court of Rhode Island.

April 14, 2006.

Diane Daigle.

Paula Rosin, Providence.

**A M E N D E D  O R D E R**[1]

This case came before the Supreme Court on January 24, 2006, on appeal from a Superior Court adjudication that the defendant, Roosevelt White (defendant), violated the terms and conditions of his probation. The defendant argues that the Superior Court judgment should be vacated because the evidence presented was not sufficient to reasonably satisfy the hearing justice that the defendant failed to keep the peace and be of good behavior. For the reasons stated herein, we affirm the Superior Court judgment.

While serving a probationary term for several previous convictions,[2] defendant was charged with first-degree sexual assault. During a combination violation and bail hearing in Superior Court, the female complainant testified that on the evening of May 31, 2004, she was watching television in her apartment with her friend, Louis Sanchez (Sanchez), when Sanchez left the apartment to go to the store. The complainant testified that "like two sec-

onds" after Sanchez left, defendant charged into her apartment, pushed her onto her bed, put his hand over her throat and mouth, and told her to "just give him 10 pumps * * * we can do this the easy way or the hard way." The complainant testified that defendant sexually penetrated her before he was interrupted by a knock on the door by Sanchez, who had returned from his errand.

In order to open the door, defendant ceased assaulting the complainant, and this allowed her to flee. Sanchez testified that defendant stepped outside, lit a cigarette, and eventually walked away. The complainant went to a neighbor's apartment and called the police. Officer Anthony Roberson (Officer Roberson), a Providence police officer, responded to the call and obtained witness statements from the complainant and Sanchez. Officer Roberson testified that the complainant was "very shaken and scared" and that her demeanor, as well as Sanchez's observations, caused him to conclude that a sexual assault had taken place, notwithstanding the absence of any visible signs of injury. The complainant was able to describe defendant to police, claiming that she had seen him before. A woman who lived upstairs was able to identify defendant by name and address. The police then took complainant to the hospital.

Officer Muco Andreozzi of the Providence Police Department responded to the scene that evening and also went to defendant's home. The defendant's mother answered the door and told the officer that she had not seen defendant in a few days;

---

1. The Court issues this amended order to reflect the proper underlying charge in the Rule 32(f) violation report.

2. On October 23, 1997, defendant pled *nolo contendere* to robbery and received a twenty-five-year sentence, ten years to serve retroactive to January 29, 1996, fifteen years sus-

pended, with probation. His sentence was to run concurrent with his sentences on several other cases. For reasons not apparent in the Superior Court record, in December 2002, defendant's sentence was modified to one-hundred-fourteen months to serve, retroactive to January 29, 1996.

however, defendant was found in the bathroom.

At the hearing, defendant presented several witnesses. One witness testified that complainant was afraid that her boyfriend would find out that she had a "couple of dudes" who used to come visit her. Another witness testified that complainant had disclosed that defendant "tried" to rape her. A third witness testified that complainant told her that defendant did not touch her that evening but that she was sticking to her story because she would get in trouble for lying. Yet, another witness testified that complainant knew defendant and had prior dealings with him.

The hearing justice concluded that complainant was a credible witness. Based on Sanchez's observations and the testimony of Officer Roberson, the hearing justice was satisfied that defendant violated the terms of his probation. With respect to the testimony alleging that complainant said defendant "tried" to sexually assault her, the hearing justice recognized that this testimony was from "ordinary people," who may not understand what conduct constitutes sexual assault. The hearing justice found that although defendant may not have engaged in intercourse with the complainant, a sexual assault took place. Thus, the hearing justice declared defendant a violator and, regarding his suspended sentence for robbery, the hearing justice sentenced him to twelve years at the Adult Correctional Institutions. The defendant was continued on the same probation on the remaining cases.

Before this Court, defendant argues that the record is "so fraught with inconsistencies, as well as irreconcilable and unbelievable testimony," that the hearing justice erred by adjudicating defendant in violation of his probation. The defendant contends that complainant's description of when and how the attack took place is unbelievable. He also asserts that complainant described the attack differently to the police and her friends.

"This Court's 'review of a hearing justice's decision in a probation-violation proceeding is limited to considering whether the hearing justice acted arbitrarily or capriciously in finding a violation.'" *State v. Sylvia*, 871 A.2d 954, 957 (R.I.2005) (quoting *State v. Rioux*, 708 A.2d 895, 897 (R.I. 1998)). This Court will not address the credibility of witnesses because this is a function of the hearing justice. *Id.* at 958.

It is a well-settled rule of law that "[t]he only issue at a revocation hearing is whether a defendant has breached a condition of his probation by failing to keep the peace or remain on good behavior." *State v. Snell*, 861 A.2d 1029, 1030–31 (R.I.2004) (quoting *State v. Summerour*, 850 A.2d 948, 951 (R.I.2004)). There is no need to decide beyond a reasonable doubt that a crime was committed, only that a violation had occurred. *See State v. Vieira*, 883 A.2d 1146, 1148 (R.I.2005) (citing *Snell*, 861 A.2d at 1030–31). The prosecution need only establish a violation by reasonably satisfactory evidence. *Sylvia*, 871 A.2d at 957. The prosecution has met this burden in the case at bar.

The record discloses that the hearing justice considered the evidence and found the complainant to be a credible witness. Based on her testimony and that of the other witnesses, including the responding police officer, the hearing justice was satisfied that the defendant violated the terms of his probation. Thus, the hearing justice hardly acted arbitrarily or capriciously in concluding that the "defendant's conduct 'had been lacking in the required good behavior expected and required by his probationary status.'" *State v. Piette*, 833 A.2d 1233, 1236 (R.I.2003) (quoting *State v. Gautier*, 774 A.2d 882, 887 (R.I.2001)). In this case, there was more than sufficient

proof that the defendant violated the terms and conditions of his probation.

For the reasons stated herein, we affirm the judgment of the Superior Court.