For the reasons stated herein, we affirm the judgment of the Superior Court.

**STATE**

v.

**Norberto CABA.**

**No. 2005–80–C.A.**

Supreme Court of Rhode Island.

April 28, 2006.

Diane Daigle.

Marie T. Roebuck, Providence.

**O R D E R**

The defendant, Norberto Caba (defendant), appeals from a Superior Court hearing justice's determination that the defendant violated the conditions of his probation, which was imposed in conjunction with two suspended sentences for various drug-related offenses. The hearing justice removed the suspension of both sentences in their entirety and committed the defendant to prison to serve seventy-eight and seventy-two months at the Adult Correctional Institutions, the sentences to run concurrently. This case came before the Supreme Court for oral argument on March 1, 2006, pursuant to an order directing the parties to appear and show cause why the issues raised in this appeal should not summarily be decided. After hearing the arguments of counsel and examining the memoranda filed by the parties, we are of the opinion that this appeal may be decided at this time, without further briefing or argument. For the reasons set forth below, we affirm the judgment of the Superior Court.

The factual basis for this probation violation is a dispute between defendant and his mechanic, Anel Perez (Perez), over the timely repair of defendant's automobile. We presented all the pertinent facts in *State v. Caba,* 887 A.2d 370, 371–72 (R.I. 2005), in which we vacated defendant's conviction for assault with a dangerous weapon. The defendant now argues that the hearing justice erred in finding that defendant violated the terms of his probation because the state did not set forth sufficient evidence at the hearing.

"At a probation violation hearing, * * * the state is not required to prove that a defendant has committed a crime; instead, the state must prove through reasonably satisfactory evidence that a defendant has failed to keep the peace or remain of good behavior." *State v. Vieira,* 883 A.2d 1146, 1148 (R.I.2005). Our review of a hearing justice's finding that a defendant violated his probation is confined to determining "whether the hearing justice acted arbitrarily or capriciously * * *." *Id.*

" '[W]hen a probation-violation inquiry turns on a determination of credibility, * * * and the hearing justice, after considering all the evidence, accepts one version of events for plausible reasons stated and rationally rejects another version, we can safely conclude that the hearing justice did not act unreasonably or arbitrarily in finding that a probation violation has occurred.' " *Id.*

Perez testified at the hearing that defendant became upset because Perez had not finished repairing defendant's automobile in a timely fashion. When defendant came to see Perez later that day, defendant insisted that Perez fix his car as soon as possible. Then defendant asked Perez

whether he wanted to fix the car his "way" or defendant's "way," and finally defendant lifted up his shirt, displaying what appeared to be the "silver and black" handle of a gun. Before finding defendant violated his probation, the hearing justice found Perez's testimony to be credible. We reject defendant's contention on appeal that it was "legally insufficient" for the hearing justice to rely on this testimony.

Similar to his testimony at the defendant's criminal trial, some of Perez's testimony at the violation hearing concerning whether Perez actually saw a gun under the defendant's shirt was "dubious." *Caba*, 887 A.2d at 377. For example, Perez described the object under the defendant's shirt as "something like a gun." Although these equivocations led us to vacate the defendant's conviction for assault with a dangerous weapon, *id.*, Perez's uncertainty about whether the object was a gun is less problematic in the context of a violation hearing. Here, the state was not required to prove beyond a reasonable doubt that the object under the defendant's shirt was, in fact, a gun; instead, the state needed only to set forth reasonably satisfactory evidence suggesting the defendant breached the peace or did not remain of good behavior. Simply put, actions reasonably designed to create fear that the offender is carrying a concealed firearm cannot be considered keeping the peace and good behavior, nor can threatening conduct bordering on extortion.

The hearing justice did not act arbitrarily or capriciously when he relied on Perez's testimony indicating that, during a dispute over the repair of the defendant's automobile, the defendant demanded that Perez fix the automobile immediately and then pulled up his shirt and showed Perez an object that appeared to be the handle of a gun. The hearing justice, therefore, did not commit error in finding the defendant

violated the terms of his probation. The record shall be remanded to the Superior Court.