STATE

v.

Robert M. BERNARD.

No. 2006–15–C.A.

Supreme Court of Rhode Island.

June 21, 2007.

Christopher M. Bush, Esq., for Plaintiff.

Marie T. Roebuck, Esq., Providence, for Defendant.

Present: WILLIAMS, C.J.,
GOLDBERG, FLAHERTY, SUTTELL,
and ROBINSON, JJ.

## OPINION

Chief Justice WILLIAMS, for the Court.

The defendant, Robert M. Bernard (defendant), appeals from a Superior Court judgment that he violated the conditions of his probation imposed in conjunction with a suspended sentence. This case came before the Supreme Court for oral argument on May 14, 2007, pursuant to an order directing the parties to appear and show cause why the issues raised in this appeal should not summarily be decided. After hearing the arguments of counsel and examining the memoranda filed by the parties, we are of the opinion that this appeal may be decided at this time. For the reasons hereinafter set forth, we vacate the judgment of the Superior Court.

## I

### Facts and Travel

In December 1983, defendant entered a plea of *nolo contendere* to one count of first-degree sexual assault and was sentenced to thirty years imprisonment, twelve to serve, with the remaining eighteen years suspended, with probation.[1]

After defendant was released from the Adult Correctional Institutions,[2] he commenced service of his probationary sentence in Massachusetts in February 2000 and was supervised by the Massachusetts Probation Department (MPD).

After defendant served approximately four years of his probationary sentence, MPD notified the Interstate Compact Unit of the Rhode Island Department of Corrections Adult Probation and Parole Unit (DOC) that defendant was not complying with the terms and conditions of his probation that had been imposed upon him as a condition of his transfer to MPD supervision and, as a result, they were terminating him from supervision. DOC filed two violation reports and, on January 19, 2005, the state presented defendant as a violator of his probation, alleging that defendant had failed to cooperate with sex-offender counseling and had failed to report to probation.

On February 16, 2005, the Superior Court held a violation hearing at which the state presented one witness, Chris Frenier, a DOC employee assigned to defendant's case in January 2004, after MPD had terminated him and after he was arrested. Frenier, over defendant's objection, testified that defendant had violated the terms and conditions of his probation by failing a drug test and failing to comply with sex-offender counseling, both failures having occurred in Massachusetts. Freni-

---

1. The facts underlying defendant's plea reveal a vicious crime, in which defendant offered a young woman a ride home from a bar in Newport, but, instead, took her to a secluded area and raped her at gunpoint, forcing her to submit to several sexual acts before driving her to another location and throwing her out of his car without her belongings. During this heinous sexual assault, defendant held a gun to the victim's head, called her a bi* * *

and a f* * *ing whore, and pulled the trigger of his unloaded pistol.

2. The defendant did not begin serving his twelve-year sentence in Rhode Island until 1992, when he returned to Rhode Island from Florida, where he served a lengthy sentence for a violent sexual assault, a crime defendant committed while released on bail for the Rhode Island sexual assault charge.

er also testified that defendant had failed to contact either Massachusetts or Rhode Island probation authorities between March 2004, when MPD terminated defendant's supervision, and January 2005, when defendant was arrested in conjunction with the instant filing pursuant to Rule 32(f) of the Superior Court Rules of Criminal Procedure.

Frenier admitted that he did not have firsthand knowledge of any of defendant's failed drug tests or missed appointments in Massachusetts, and he also admitted that he had never supervised defendant's probation in either state. Instead, his testimony was based on his review of various reports contained in defendant's MPD file, which was transferred to DOC after its supervision of defendant was terminated. These reports chronicled nine missed sex-offender counseling appointments between September 4 and December 29, 2003, five missed appointments with MPD between August 12 and December 30, 2003, a toxicology report allegedly showing that defendant tested positive for cocaine,[3] and a missed urine screening. None of these reports was offered into evidence and nothing was presented to the hearing justice that outlined the terms of defendant's probation in Massachusetts. Additionally, Frenier testified that he did not have personal knowledge of whether anyone in Massachusetts told defendant to contact DOC.

The hearing justice reviewed Frenier's testimony and found defendant in violation of the terms of his probation based on his actions both in Massachusetts and Rhode Island. He ordered defendant to serve his entire previously suspended eighteen-year sentence. The defendant timely appealed.

## II

### Analysis

■ The defendant contends that the hearing justice was clearly wrong in finding that defendant violated the terms and conditions of his probation based on Frenier's hearsay testimony about violations allegedly occurring in Massachusetts. He argues that admission of this hearsay testimony violated his due process right to confront and cross-examine witnesses. We agree.

"When reviewing a finding of a probation violation, this Court will consider only 'whether the hearing justice acted arbitrarily or capriciously in finding a violation.'" State v. Vieira, 883 A.2d 1146, 1148 (R.I.2005) (quoting State v. Snell, 861 A.2d 1029, 1031 (R.I.2004)). "At a probation-violation hearing, * * * the state is not required to prove that a defendant has committed a crime; instead, the state must prove through reasonably satisfactory evidence that a defendant has failed to keep the peace or remain of good behavior." Id. (citing Snell, 861 A.2d at 1030–31).

Because "[a] probation-violation hearing * * * is not part of the criminal-prosecution process, * * * it does not call for the 'full panoply of rights' normally guaranteed to defendants in criminal proceedings." State v. Vashey, 823 A.2d 1151, 1154–55 (R.I.2003) (quoting Hampton v. State, 786 A.2d 375, 379 (R.I.2001)). A defendant, instead, is guaranteed only the minimum due process protections: "notice of the hearing, notice of the claimed violation, the opportunity to be heard and present evidence [on] defendant's behalf, and the right to confront and cross-examine the witnesses against defendant." Id. at

---

3. The hearing justice did not base his finding that defendant had violated his probation on the toxicology report because, although the report bore defendant's name, the date of birth listed for the person tested was not his.

1155 (quoting *State v. Casiano*, 667 A.2d 1233, 1239 (R.I.1995)).

■ Additionally, strict application of the rules of evidence is not required at a probation-revocation hearing. *State v. Sylvia*, 871 A.2d 954, 958 (R.I.2005). Nevertheless, hearsay may be admitted on issues central to determining whether a violation has been committed only if the hearing justice first finds that "there is good cause for denying confrontation and/or cross-examination." *State v. De-Roche*, 120 R.I. 523, 533, 389 A.2d 1229, 1234 (1978). That determination is generally based on both "the reliability of proffered substitute evidence and the state's explanation of why confrontation was undesirable or impractical." *Casiano*, 667 A.2d at 1239. Failure to make such a determination constitutes reversible error. *See State v. Koliscz*, 623 A.2d 452, 452 (R.I.1993).

It is undisputed that this essential condition precedent was not satisfied here. Rather than conducting the threshold inquiry into whether the state had good cause for denying defendant the opportunity to confront anyone with personal knowledge of his probationary record in Massachusetts, and rather than analyzing the reliability of the state's substitute evidence, when defendant objected to Frenier's testimony as hearsay, the hearing justice simply stated that "[h]earsay is admissible in a violation hearing." In the context of this case, this was an oversimplification of the law that resulted in defendant's being deprived of the minimum requirements this Court outlined in *DeRoche*. Thus, the hearing justice committed reversible error by erroneously admitting Frenier's hearsay testimony.

As a result of this error, it is uncertain whether the hearing justice would have found defendant in violation of the terms and conditions of his probation or imposed the entirety of defendant's suspended sentence on the basis of this record concerning the alleged violations occurring in Massachusetts.

■ Furthermore, although we are certain that the terms and conditions of the defendant's probation in Rhode Island did not include sex-offender counseling, the record lacks sufficient information either confirming or rebutting the state's claim that the defendant's probationary terms in Massachusetts included such a requirement. This deficiency in the record, combined with the hearing justice's erroneous denial of the defendant's confrontation rights, require that we sustain the defendant's appeal.

### Conclusion

For the aforementioned reasons, the judgment of the Superior Court is vacated and the papers in the case are remanded to the Superior Court for a new hearing consistent with this opinion.